# Commonwealth ex rel. *v.* Pedder, Appellant.

*School law—Directors—Vacancy—Pittsburg—Act of February* 12, 1869.

Under the special Act of February 12, 1869, P. L. 150, relating to the government of schools in the city of Pittsburg, a vacancy in the office of school director caused by a resignation, can only be filled by the directors "until the next annual organization of the board," which under the Act of March 24, 1877, P. L. 44, takes place in June. Section 7 of the General School Law of May 8, 1854, P. L. 617, providing that the vacancy shall be filled "until the next annual election of directors," has been superseded by the act of 1869.

Argued Nov. 9, 1903. Appeal, No. 5, Oct. T., 1904, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1903, No. 712, on ouster on quo warranto in case of Commonwealth ex rel. John C. Haymaker, District Attorney, v. Charles J. Pedder. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Quo warranto to determine title to office of school director.

SHAFER, J., stated the facts to be as follows:

The proceeding is a suggestion for a writ of quo warranto to try the right of the defendant to the office of school director of the Luckey subschool district of the city of Pittsburg, to which the defendant has demurred.

It appears by the pleadings that Frederick Wills, a member of the board of directors of the subschool district, resigned his office on April 6, 1903; that at the regular meeting of the board on May 4, 1903, there were present but three members of the board; that the meeting was then adjourned and that the president of the board called a special meeting to be held on May 6, 1903, to fill the vacancy occasioned by Mr. Wills's resignation. That at the special meeting there were present three members of the board, who proceeded to an election to fill the vacancy created by the resignation, and elected the respondent.

The court entered judgment of ouster on the demurrer.

*Error assigned* was the judgment of the court.

*S. S. Robertson,* for appellant, cited: Sifred v. Com., 104 Pa.
179.

*J. E. McKelvy,* for appellee, cited: Royce's App., 1 Walker,
215.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 4, 1904:

The school districts of the city of Pittsburg are governed by
the special Act of February 12, 1869, P. L. 150, and so much
of the general school law of 1854 as is not inconsistent with
the special act.  By the act of 1869 the board with which we
are concerned is to consist of six members, but at the time of the
election of the appellant, one member had resigned so that the
actual board consisted of five members, and the first question
raised in the court below was whether the term "majority"
which is to constitute a quorum, means more than half the
number of a full legal board, or more than half of the actual
members at the time of appellant's appointment.  On this
question we express no opinion.

The second question relates to appellant's term of office.
The act of 1869, section 43, provides that the several sub-
district boards shall have power to fill any vacancy occurring by
death, resignation, etc., "until the next annual organization of
board."  One Frederick Will, a member whose term would
not have expired until June, 1904, resigned in April, 1903, and
appellant was appointed in his stead in May.  The next
annual organization of the board was in June, and the court
below held that appellant's term, however considered as to the
validity of his appointment, expired then.  Appellant argues
ab inconvenienti that this view requires two appointments by
the board to fill the remnant of an unexpired term, and relies
on section 7 of the act of 1854 which provides that the vacancy
shall be filled "until the next annual election for directors."
It appears that under the act of 1854 the annual organization
of school boards took place in January, but under the Act of
March 25, 1877, P. L. 44, elections for school directors in cities
of the second class are held in February preceding the ex-
pected vacancy, and it is agreed by counsel on both sides in the
present case that under this act the legal annual organization
of the board takes place in June.  But appellant argues that

the circumstances under which the vacancy is to be filled, that is, that it is one created by death, resignation, etc., are exactly the same in both acts, and both have the same intent, that the whole vacancy existing at the time, to wit: the whole of the unexpired term, shall be filled.    The argument has much force, but it is met by the plain words of the statute.    The act of 1869, we must assume with intent, used different language from that of 1854, and whether or not the change of time by the act of 1877 produced an unanticipated result as to appointments by the board to fill vacancies, we are not at liberty to avert this result by disregard of the express provision of the statute governing such appointment.

As the term of the appellant had expired when the petition was filed, the judgment of ouster was correct.

Judgment affirmed.