# Miller v. Cockins, Appellant.

*Equity—Jurisdiction—Parties—Nonresident defendant — General appearance—Answer—Defense on merits—Decree in personam —Act of April 6, 1859, P. L. 387.*

1. Where a bill in equity is filed against a husband for the purpose of having him declared a trustee of his deceased wife's real estate, both in Pennsylvania and other states, and the defendant, a resident of a distant state, is served with process under the Act of April 6, 1859, he cannot, after having entered a general appearance, filed an answer and appeared as a witness for himself, and after a general decree in personam has been entered against him, be heard to deny the jurisdiction of the court to enter such a decree.

2. While it is true that the process served upon the defendant under the Act of 1859 was nugatory and did not require his appearance, yet by voluntarily appearing to the suit, he was in court, just as he would have been had he been within the jurisdiction of the court and there personally served.

Argued Jan. 15, 1913. Appeal, No. 23, Oct. T., 1913, by defendant, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1909, No. 1391, on bill in equity in case of Ade-

laide Miller Blick and Horace J. Miller v. James M. Cockins. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity to declare a trust of real estate.   Before SHAFER, J.

The bill averred that James A. Cockins, the defendant, was the surviving husband of Marianna M. Cockins, who died on March 6, 1907, leaving to survive her her husband, and her brother and sister the complainants.   The bill showed on its face that certain of Mrs. Cockins' real estate was situate in Allegheny County and other parts of it in Baltimore, Maryland.   The defendant was a resident and citizen of California.   The bill prayed that the defendant be declared a trustee of all his deceased wife's real and personal estate.   The defendant entered a general appearance, filed an answer containing a general denial of liability, and appeared in person as a witness in his own behalf at the trial.   Other facts appear by the opinion of the Supreme Court.

The court entered the following decree:

And now, to wit, June 1st, 1912, this cause came on to be heard further at this term and to be argued by counsel and upon consideration thereof, it is ordered, adjudged and decreed as follows, to wit:

First.  That the last will and testament of Marianna M. Cockins, wife of James M. Cockins, defendant herein, dated February 6, 1904, probated in the Orphans' Court of the City of Baltimore, State of Maryland, and registered in the office of the register of wills of Allegheny County, Pennsylvania, in Will Book, Vol. 90, page 490, in the bill herein mentioned, wherein and whereby the said Marianna M. Cockins provided as follows, to wit:

"After payment of all my just debts, I will, devise and bequeath unto my beloved husband, James M. Cockins, his heirs and assigns, forever, all my estate and property, of whatsoever character and wheresoever situate of

which I may die seized or possessed or may be entitled
to at my decease."

was procured by the said James M. Cockins upon his
promise, made at the request of his said wife at the time
of the execution of said last will and testament, that he
would hold or claim to hold the estate of his said wife,
so apparently devised and bequeathed to him absolutely,
for and during the term of his natural life only, and sub-
ject to his said life estate, for the use and benefit of her
half-brother and half-sister, Horace J. Miller and Ade-
laide M. Blick, their heirs and assigns, in equal shares.

Second. That said defendant, James M. Cockins, does
hold all the property, real, personal and mixed, which he
received or may receive from his said wife's estate for
his life only, and subject to such life estate, for the use
and benefit of Horace J. Miller and Adelaide M. Blick,
the plaintiffs herein, their heirs and assigns, in equal
shares, with the right to receive such remainder at the
death of said James M. Cockins.

Third. That the said defendant, James M. Cockins,
shall and do forthwith execute and deliver to the plain-
tiffs herein a declaration declaring the said trust in re-
lation to the estate of the said Marianna M. Cockins, de-
ceased, found to exist under the terms of this decree, as
hereinbefore set forth, and that he do execute and ac-
knowledge such declaration of trust in such form that
the same may be duly recorded wherever there is any
real or personal estate of which the said Marianna M.
Cockins died seized or possessed, affected by this decree.

Fourth. That the said defendant, James M. Cockins,
shall and do forthwith deliver to the plaintiffs herein a
full and specific statement, verified by his affidavit, of
all the property, real and personal, of which the said
Marianna M. Cockins died seized or possessed, and at
the time of delivering such statement to the said plain-
tiffs herein, shall file in this honorable court a full, true
and correct duplicate thereof.

Fifth. That should the said James M. Cockins omit

to deliver and file a statement, under oath, of all and singular the estate of said Marianna M. Cockins, deceased, real and personal, wheresoever the same may be, as hereinbefore ordered and decreed, for the period of fifteen days from the date hereof, or should said defendant file and deliver such statement and the plaintiffs dispute the correctness thereof, then in either of said events, it is ordered that testimony be taken by this court, at a time to be fixed for that purpose, as to the nature and situation of all such property and the investment and custody thereof, and that thereupon such further measures for the control, custody and security of said property be taken as shall appear to be necessary.

Sixth. That as to all and singular the personal estate of every kind and description and wheresoever it may be, whereof Marianna M. Cockins died possessed the Commonwealth Trust Company of the City of Pittsburgh is hereby appointed trustee in the place and stead of James M. Cockins, who is hereby ordered and directed to assign, transfer and deliver unto said trust company all and singular the said personal estate of which said Marianna M. Cockins died possessed so as to vest the same in the said Commonwealth Trust Company upon the trusts declared in this decree, to wit: for and during the life of said James M. Cockins, and subject to such life estate, for the use and benefit of Horace J. Miller and Adelaide M. Blick, the plaintiffs herein, their heirs and assigns, in equal shares.

Seventh. That the said James M. Cockins be now, and he is hereby perpetually enjoined and strictly prohibited, from delivering over possession of any such property to any person or from assigning any interest therein otherwise than for his lifetime.

Eighth. That the injunction heretofore granted against the said James M. Cockins and the other defendants herein be and the same is hereby continued and made permanent.

Ninth. That either party may apply from time to

time to the court, as occasion may arise, in aid and furtherance of this decree.

Tenth.  That the said James M. Cockins pay the costs of this proceeding, including the costs in the appeal to the Supreme Court.

On a petition for an attachment and writ of sequestration SHAFER, J., filed the following opinion:

The decree herein commanded the defendant to deliver to the plaintiffs a full statement of all the property real and personal of which his wife died seized, and a trustee was appointed in place of James M. Cockins, of the personal estate of his wife; and afterwards a time was fixed for the taking of testimony in relation to the real and personal estate of which Mrs. Cockins died seized and possessed, and an order was made upon the defendant, James M. Cockins, to deliver a full and specific statement of all such property before the time of the hearing, all of which were served upon the defendant, who resides out of the Commonwealth.  At the time fixed for hearing the parties appeared, the defendant appearing by his counsel who denied any jurisdiction of the court over James M. Cockins personally and admitted that no statement had been rendered by him as directed, and stated that he respectfully declined to do so, because he claimed that the proceedings in this suit did not apply to or affect any of the property of his deceased wife which was not within the Commonwealth of Pennsylvania at the time the proceeding was begun, or at any time since; and that the decree and order of court in this case is to be confined to such property.  The defendant's counsel thereupon offered in evidence proceedings in the Orphans' Court of Allegheny County and in the Orphans' Court of the City of Baltimore, Maryland, showing an inventory of the estate of Mrs. Cockins, and also furnished a list of mortgages of properties in Pennsylvania held by her, and shares of stock in banks and other corporations of Pennsylvania held by her, and also gave a statement of the real estate of Mrs. Cockins in the State of Pennsyl-

vania, admitting that there was real estate out of Pennsylvania which was not described. It is of course understood by the parties and the court that this refusal of the defendant is not out of any disrespect to the order of court, but because of his claim as to the law, and because of his being advised by counsel that to accede to the terms of the order might be a waiver of his position and that this proceeding is deemed necessary by his counsel in order to enable him to raise the question as to the extent of the decree.

Being of opinion, upon an examination of the record of this case, that the effect of the proceedings had was to bring James M. Cockins personally within the jurisdiction of the court, and to subject the whole of the estate declared to be a trust in him to the jurisdiction of the court, we deem the plaintiff to be entitled to the relief prayed for, that is, to a writ of attachment and a writ of sequestration.

It is, therefore, ordered that a writ of attachment and a writ of sequestration issue as prayed for in the petition of October 19th, 1912, and Donald Thompson is hereby appointed such sequestrator.

*Errors assigned* were the various decrees and orders of the court.

*Samuel S. Mehard,* with him *Harvey A. Miller,* for appellant.—The suit being a proceeding in rem and relating to certain specific property, neither the nature of the proceedings nor the scope of the remedy would be changed even by a voluntary appearance of the defendant.

The court below fell into error by confusing this case with that class of cases where the defendant resides or is found within the jurisdiction of the court and where the plaintiff seeks a remedy against him personally affecting property beyond the jurisdiction of the court: Vaughan v. Barclay, 6 Whart. 392; Morris v. Reming-

ton, 1 Pars. 387; Jennings v. Beale, 158 Pa. 283; Clark
v. Clark, 180 Pa. 186.

The defendant's appearance in this was not volun-
tary and, therefore, not such as would give the court
jurisdiction of his person: Bissell v. Briggs, 9 Mass.
462; Miller v. Miller, 68 Pa. 486; Motz v. Mitchell, 91
Pa. 114; Lehigh Coal & Nav. Co. v. Brown, 100 Pa. 338.

Part of the property covered by the decree was within
the sovereignty and control of another state. It is,
therefore, contended that the decree and order in this
case were erroneous in that they undertook to control
and dispose of property within the sovereignty of another
state and within rightful control of its courts; and that
said state alone has authority to determine the rights
and title thereto: Desesbats v. Berquier, 1 Binn. 336;
Guier v. O'Daniel, 1 Binn. 349 n.; Williams v. Maus, 6
Watts 278; Donaldson v. Phillips, 18 Pa. 170; Flan-
nery's Will, 24 Pa. 502; Jeter v. Fellowes, 32 Pa. 465;
Smith v. Derr, 34 Pa. 126.

*John S. Ferguson,* with him *Joseph N. Ulman,* for
appellees.—The court had jurisdiction by the appear-
ance of the defendant: Albany City Ins. Co. v. Whitney,
70 Pa. 248; Donoghue v. Hanley, 5 Sadler 592; Phelps
v. McDonald, 99 U. S. 298; Newman v. Shreve, 229 Pa.
200; Schmaltz v. Mfg. Co., 204 Pa. 1; D'Arcy v.
Ketchum, 52 U. S. 165; Northern Ind. R. R. Co. v. R. R.
Co., 56 U. S. 233; Martin v. Martin, 214 Pa. 389.

Where an attorney appears for a defendant, there is
a strong presumption that such attorney had authority:
Schober v. Mather, 49 Pa. 21.

OPINION BY MR. JUSTICE STEWART, March 17, 1913:

A proceeding by bill in equity was instituted against
the defendant in Allegheny County, the purpose of
which was to have the defendant declared trustee with
respect to the estate of his deceased wife, which he
claimed had been given to him absolutely. Certain of

the property of the estate was in Allegheny County, and as to this, a preliminary injunction, afterward made final, was granted restraining its alienation. Other property of the estate was in Maryland, where the decedent had resided and where her will had been admitted to probate. The defendant was a resident of the state of California when the proceeding was commenced, and he was there served with process under Act of April 6, 1859, P. L. 387. He caused a general appearance for himself to be entered, and, taking no exception to the service of the process, filed an answer to the bill denying all its material allegations, and denying that any trust existed with respect to the estate. Whereupon the case was proceeded with (see Blick v. Cockins, 234 Pa. 261), resulting finally 1st June, 1912, in a decree adjudging the defendant trustee with respect to the property of the estate, not simply that situate in Allegheny County, but of the entire estate, for the use and benefit of the complainants subject to his own life estate therein, and directing that he execute and deliver to the complainants a declaration of the said trust relation, and a full statement, of all the property, real and personal, of which his wife died seized. An injunction followed, enjoining the respondent from delivering over possession of such property to any one, or from assigning his interest therein otherwise than for his lifetime, and an order was made appointing the Commonwealth Trust Company of Pittsburgh trustee instead of the respondent. The orders of the court as expressed in the decree were served upon defendant in California, where defendant continued to reside, by registered letter. Denying the court's jurisdiction over his person he declined to obey the orders in the decree directed against him personally, whereupon motion was made for sequestration of his property, and for an attachment for contempt. After hearing the motion prevailed and the order for sequestration and attachment followed. The appellant now seeks relief from the

decree on the ground that the court was without jurisdiction to make it.

The case turns upon the question of the legal effect of the general appearance of the defendant to the proceeding, his answer to the bill of complaint, his personal presence during the trial as defendant and witness, and his failure to enter objection to the court assuming jurisdiction until after the final decree was entered. His counsel now insist that the proceeding was in the nature of a proceeding in rem, that is to say, that its only object was to protect the rights of the plaintiffs in such of the property of the estate as had its situs in Allegheny County; that it was only over such property that the court had jurisdiction, and none whatever over the person of the defendant who was a nonresident. If this view be correct and the sole purpose of the bill was to protect the property in Allegheny County, then the service upon the defendant was entirely adequate to the end sought, and the most appellant could expect would be a modification of the decree confining its operation to that specific property. It is, however, manifest that the bill embraced all the property of the wife's estate wherever situated, whether within or beyond Allegheny County. It alleged a trust with respect to the entire estate, and the prayer was that defendant be required to carry out and perform the trust according to its terms. It is not to be questioned that in such case, where there is nothing to give jurisdiction other than the fact that some of the property is within the jurisdiction of the court, and the prayer is for a decree against the defendant personally the court has no authority to direct service of process upon a nonresident. The Act of April 6, 1859, with respect to process in equity proceedings applies only where the suit concerns property situated and being within the jurisdiction of the court, and is so limited. This was expressly ruled in Coleman's Appeal, 75 Pa. 441, as the following extract from the opinion in the

case, by SHARSWOOD, J., shows: "If we examine the language of the Act of 1859, we must remark that it is strictly and carefully confined to two classes of cases. First, where a suit in equity has been or shall be instituted, concerning goods, chattels, lands, tenements or hereditaments, or for the perpetuating of testimony concerning any lands, tenements and so forth, situate or being within the jurisdiction of the court, or concerning any charge, lien, judgment, mortgage or encumbrance thereon. And, second, where the court have acquired jurisdiction of the subject-matter in controversy, by the service of its process on one or more of the principal defendants. As to the cases comprehended in the first class, we are of opinion that the bill must be confined, at least so far as the interest of the foreign defendant is involved, to a prayer for a decree affecting only the property in question. If it goes further and asks for relief by a decree against the defendant, personally, though it would be entirely competent for the court to make such decree, if the person of the defendant was within their jurisdiction, it is not a case within the purview of the act, and the court has no authority to direct the service of process upon the defendant." In the light of this decision—the bill here asking a personal decree against the defendant—we can entertain no doubt whatever that the service of the process in this case was a nullity, and the defendant could have disregarded it without prejudice. Instead of pursuing this course he appeared to the suit, submitted to the jurisdiction, entered his defense on the merits, and took his chance of a favorable result. It was not until disappointed by the result and the decree was entered against him, that he questioned the jurisdiction. His appearance must be regarded as voluntary, since the process served was nugatory; and being voluntary he was in the same position he would have been in had he been personally within the jurisdiction of the court when the action was begun and he had been personally served. The effect of such

appearance in giving the court jurisdiction was fully considered in Byers v. Byers, 208 Pa. 23, where our Brother MESTREZAT, speaking for the court, says: "The defendant may attack the jurisdiction of the court which has summoned him to appear before it; and if he does so successfully, that relieves him from a contest in that court on the merits of the controversy. For this purpose, it is the usual practice to enter a conditional appearance. The case is then proceeded with until the question of jurisdiction is disposed of. But the defendant must confine himself in his pleadings strictly to this issue: Jeannette Borough v. Roehme, 197 Pa. 230. If he, in addition to his plea to the jurisdiction, set up a defense on the merits of the cause, he submits himself to the jurisdiction of the court and must abide by its judgment on both issues. He will not be permitted to avail himself of an opportunity to obtain a favorable decision on the merits and, at the same time, contest the authority of the court to hear the cause. The filing of a plea averring a meritorious defense is equivalent to a general appearance, and thereafter the defendant will be regarded as having submitted himself to the jurisdiction of the tribunal in which the cause is pending." Had nothing been the subject of the bill in this case but property within Allegheny County, then the appellant having been properly served with process under the Act of April 6, 1859, might have been in position to assert that his appearance was not voluntary, but made in order to save property which was in the hands of a foreign tribunal; but as we have seen such was not the case; the subject of the bill was the entire estate of the deceased wife, and the declared object and purpose was to have the defendant adjudged trustee with respect to it wherever situated. Defendant being a nonresident and the decree asked for being against him personally, no process served upon him in California could have required his appearance. But what the law could not have required of him he did of his own pleasure, and by

voluntarily appearing to the suit, he was in court just as he would have been had he been within the jurisdiction of the court and there personally served.

The assignments of error are overruled and the appeal is dismissed.