# Blick *v.* Cockins.

*Equity—Mandatory decree—Failure to obey — Appeals — Contempt proceedings—Writ of sequestration.*

1. The fact that an application for the allowance of an appeal to the Supreme Court of the United States had been pending in the effort, in good faith, to reverse a mandatory decree issued by a lower court and affirmed by the Supreme Court of Pennsylvania, is a sufficient answer to a contempt proceeding for failing to obey the decree, especially where the answer is accompanied by papers showing performance of the decree. Even though there was dispute as to whether such performance was in full compliance with the court's order, it was not error to discharge the attachment for contempt.

2. Where, in such case, the mandatory decree was intended to preserve the rights of remaindermen in an estate devised to defendant by his wife, in which he claimed an absolute interest, but which the court decided was his for life only, the court made no error in discharging a writ of sequestration which had been in

force for a period of two years, where it was not denied that the defendant was entitled to the income which had been withheld from him by virtue of the writ and nothing appeared to show that the rights of the remaindermen would be prejudiced by such discharge.

Argued Oct. 19, 1914.  Appeal, No. 195, Oct. T., 1914, by Horace J. Miller, plaintiff, from decree of C. P. Allegheny Co., Oct T., 1909, No. 1139, discharging defendant's person and property, respectively, from writs of attachment and sequestration in case of Adelaide Miller Blick and Horace J. Miller v. James M. Cockins.  Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Bill in equity for a declaration of trust.  Before SHAFER, J.

The facts appear by the opinion of the Supreme Court.

The respondent having failed to comply with the decree of the court plaintiffs caused the issuance of writs of attachment and sequestration to enforce the order. Subsequently defendant filed an answer to the writs and the court discharged defendant's person and property from the writs without specifically passing on plaintiff's exceptions to respondent's answer thereto.  Horace J. Miller appealed.

Further facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*James R. Miller,* of *Patterson, Crawford, Miller & Arensberg,* for appellant.

*Samuel S. Mehard,* with him *Harvey A. Miller,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 2, 1915:
The writs of attachment and sequestration in this case

were issued to compel obedience to a decree of the court under date of 12th June, 1912, adjudging that James M. Cockins held whatever property he had received from the estate of his deceased wife, Mary Anna M. Cockins, in his own right for life only, then to the use and benefit of these appellants, and requiring him to execute and deliver a declaration setting forth such trust relation and a full and specific statement under oath of all the property real and personal of said estate. The defendant having failed to comply with the requirements of the decree these several writs followed. It was not until 11th April, 1914, that the defendant answered, the delay being due, as found by the court, to the fact that, questioning the jurisdiction of the court to enter the decree of 12th June, 1912, he had appealed therefrom to this court, Miller v. Cockins, 239 Pa. 558, that his appeal having been dismissed, he had made application for appeal to the Supreme Court of the U. S., and it was not until January, 1914, that his application for appeal was finally disallowed. Meanwhile defendant having turned over to the Commonwealth Trust Company of Pittsburgh, as he claims, all the property belonging to the wife's estate, as his agent to collect the rents and income from the same—excepting such property as was situate in the State of Maryland and there subject to an injunction issued at the suit of these appellants—the property turned over to the trust company was sequestered under the writ, and defendant was accordingly denied the rents and income therefrom since the fall of 1912. In answering the writs defendant distinctly disclaimed any intention to treat with disrespect the order and decree of the court, and assigned as the only reason for his delay his several attempts made in good faith to have the decree of the court reversed, in vindication of what his counsel had advised him were his rights under the law. He further sought by his answer to obey the decree of 12th June, 1912, accompanying it with a declaration of trust, a statement of the property of his deceased wife and the

trust assignments as ordered and required by said decree. Having done this he asked to be discharged in respect to the writs of attachment and sequestration. To the petition for discharge these appellants filed an answer in which exception was taken to the sufficiency of the declaration of trust, the correctness of the statement of property and that the trust assignments were not in proper form, and inaccurate. Defendant replied denying most of the averments in the exceptions, admitting some and offering to correct any inaccuracy or informality in the papers filed. The matter was so proceeded with that on 18th July, 1914, the learned chancellor without specifically passing on the exceptions to the respondent's answer, and leaving the question of their entire accuracy and sufficiency to be further inquired into, entered a decree adjudging that the defendant, James M. Cockins, be relieved and discharged from the writ of sequestration so far as relates to the income accumulated and received by the trustee to that date, with leave to apply from time to time for partial or entire discharge of his property from sequestration.

Both these writs issued to effect a single object, namely, compliance with the decree of 12th June, 1912. The appellee purged himself of the contempt which was implied from the long continued delay on his part, in a manner entirely satisfactory to the court, and he was therefore entitled to a discharge from the attachment. The declaration of trust he made and executed, and the exhibit of the wife's estate he submitted, however excepted to, were adjudged substantial performance of what was required of him under the decree. He was therefore entitled to have his property released to the extent ordered. Considering that the result reached can work no pecuniary loss to appellants, nor affect in any way the pending proceeding in which the correctness of the respondent's exhibits and answers may yet be further inquired into, it is difficult to understand wherein appellants have been prejudiced by the action taken. Did

the relation of debtor and creditor exist the case would take on another aspect; but here there is no such relation. The property released is simply past accumulations of rents and income which belong to the appellee, and to which appellants can have no claim whatever. If it be said that these should be held as security against a contingency which may yet arise when upon fuller investigation other estate of the wife may be disclosed, a sufficient answer is that the writ of sequestration was in aid of the contempt proceeding, and only incidentally for the conserving of the estate; that so far as the estate has been turned over it is secure; that if it should happen finally that some yet remains to be turned over, the writ of sequestration would not aid in accomplishing the desired result. Other remedy would be available in such case. With sufficient cause for the discharge of appellee from the attachment, the purpose of both writs was at an end and they were properly terminated by the court.

The appeal is dismissed.