## Yentzer *v.* Taylor Wine Company, Inc., Appellant.

Submitted October 3, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

reargument refused December 28, 1962.

A. *Grant Walker*, *John H. Cartwright*, and *Gifford, Graham, MacDonald & Illig*, for appellant.

*Edwin W. Tompkins, II*, and *Tompkins & Tompkins*, for appellee.

OPINION BY MR. JUSTICE EAGEN, November 13, 1962:

This is an action of assumpsit instituted in Cameron County, Pennsylvania, based upon the breach of an implied warranty. The defendant, being an unregis-

tered foreign corporation, substituted service of the complaint was made upon the Secretary of the Commonwealth of Pennsylvania in accordance with the provisions of the Business Corporation Law, Act of May 5, 1933, P.L. 364, §1011B, as added to by the Act of September 26, 1951, P.L. 1475, §22, as amended, 15 P.S. §2852-1011B.

Within twenty days, the defendant filed a motion to quash the service of process and to dismiss the action,[1] contending that it was not "doing business" in Pennsylvania within the meaning of the Act of November 10, 1959, P.L. 1406, §1, 15 P.S. §2852-1011. This motion was overruled and the defendant was given the opportunity to answer over or to file preliminary objections to the complaint "unless notice of an appeal from this decision is filed according to law." *No appeal from this order was filed.*

The defendant then filed preliminary objections to the complaint in the nature of a demurrer[2] and a motion for a more specific statement. Subsequently, or exactly eight months later, without leave of court or consent of the plaintiff, the defendant filed additional preliminary objections to the complaint, alleging that the facts pleaded clearly indicate that the court lacked jurisdiction over the person of the defendant[3] and requesting dismissal of the action. Up to this point, no decision had been rendered by the court upon the merits of the preliminary objections originally filed. Subsequently, the court rendered a de-

---

[1] This practice is not proper under present procedural rules. Such an attack should be made the subject of a preliminary objection. See, Goodrich-Amram, §1013(b)-6; 2 Anderson Pa. Civ. Pract., pp. 433 & 434.

[2] The objection in the form of a demurrer was later withdrawn.

[3] Under *Rufo v. Bastian-Blessing Co.*, 405 Pa. 12, 173 A. 2d 123 (1961), infra.

cision dismissing the objections raised to the jurisdiction, but directed that the plaintiff file a more specific statement within twenty days. From this order, the defendant filed this appeal under the Act of March 5, 1925, P. L. 23, 12 P.S. §672 et seq. Counsel then agreed that no answer to the amended complaint need be filed pending the determination of this appeal.

The basic question for decision is the timeliness of defendant's raising of the jurisdictional question in the court below.

This Court recently decided that service of process in Pennsylvania upon an unregistered foreign corporation under the provisions of the Business Corporation Law, supra, may be legally made only in an action arising out of an act or omission of such corporation within the territorial confines of the Commonwealth. The mere fact that the harm occurred within the Commonwealth is not sufficient: *Rufo v. Bastian-Blessing Co.,* supra, n.3. It is quite clear from a reading of the complaint in the instant action that the acts or omissions complained of did not occur in Pennsylvania. However, it is just as clear that the jurisdictional question was not raised in a proper manner and, as a result, the defendant lost its right to object to the court's jurisdiction over its person.

*Rule 1017* of the Pennsylvania Rules of Civil Procedure provides for the filing of preliminary objections to a complaint. Such a pleading should be all inclusive and may contain jurisdictional objections; a motion to strike off or for a more specific statement; a demurrer; a defense of lack of capacity to sue; pendency of a prior action; nonjoinder of proper parties or misjoinder of the cause of action. In other words, this rule entails the proper procedure by which the defendant may preliminarily assert at one and the same time questions of jurisdiction, as well as errors of form and substance in the complaint.

Pa. R. C. P. 1028(b) provides that all preliminary objections *shall* be raised at one time. Further, *Rule 1032,* provides that a party *waives* all defenses and objections not raised by these preliminary objections except certain specified defenses which are preserved, none of which are relevant here. For instance, the failure to state in the objections that the complaint does not set forth a cause of action is not waived but may be asserted in a motion for judgment on the pleadings or even at trial. Likewise, failure to raise the question of jurisdiction over the subject matter does not result in its waiver because jurisdiction over the subject matter may never be waived: *Fineman v. Cutler,* 273 Pa. 189, 116 A. 819 (1922); *Jacobs v. Fetzer,* 381 Pa. 262, 112 A. 2d 356 (1955); *McGinley v. Scott,* 401 Pa. 310, 164 A. 2d 424 (1960); *Stahl, Atty. Gen. v. Insurance Co. of North America,* 408 Pa. 483, 184 A. 2d 568 (1962). However, *jurisdiction* over the person, which is the question here involved, is in another category and may be waived if an objection thereto is not timely raised: *Ciammaichella Appeal,* 369 Pa. 278, 85 A. 2d 406 (1952); *Hauger v. Hauger,* 376 Pa. 216, 101 A. 2d 632 (1954); *Johnson Adoption Case,* 399 Pa. 624, 161 A. 2d 358 (1960).

The salutory and main purpose of the rules is to reduce the number of dilatory steps (so prevalent and perfectly proper under prior existing rules of procedure), which the defendant may now take advantage of prior to filing an answer on the merits of the action and thus expedite the reasonable disposition of the litigation.

But, we must also always bear in mind that procedural rules are not ends in themselves, and that above and beyond everything else they are to be construed in a manner to the end that justice may be administered. See, *Esso Standard Oil Co. v. Taylor,* 399 Pa. 324, 159 A. 2d 692 (1960). Further, pleadings, including pre-

liminary objections, may be amended by leave and within the sound discretion of the court[4] *at any stage of the proceedings, unless there is an error of law or resulting prejudice to the rights of an adverse party.* See, Pa. R. C. P. 126 and 1033; *Miners Savings Bank v. Naylor,* 342 Pa. 273, 20 A. 2d 287 (1941); and, *Esso Standard Oil Co. v. Taylor,* supra. However, to permit the originally filed preliminary objections to be amended in this case would clearly be an error of law.

When the defendant filed the original preliminary objections in this case, which objected only to the substance and form of the complaint, *and none of which raised a jurisdictional question, this* constituted a general appearance in the action. See, *Pellegrini v. Roux Distributing Co., Inc.,* 170 Pa. Superior Ct. 68, 84 A. 2d 222 (1951); *Bailey v. Ancient Egypt. Arabic Order Nobles of the Mystic Shrine of North and South America,* 162 Pa. Superior Ct. 5, 56 A. 2d 311 (1948); *Jeannette Borough v. Roehme,* 197 Pa. 230, 47 A. 283 (1900); *Byers v. Byers,* 208 Pa. 23, 57 A. 62 (1904); *Riker v. Kilinski,* 309 Pa. 188, 163 A. 526 (1932); and, *Delco Ice Mfg. Co. v. Frick Co., Inc.,* 318 Pa. 337, 178 A. 135 (1935). A demurrer to a complaint on the ground that it does not set forth a valid cause of action does not raise a jurisdictional question: *Guzek v. Empire Wholesale Co.,* 396 Pa. 78, 151 A. 2d 470 (1959). It is fundamental that where a defendant enters a general appearance, he waives his right to assert thereafter any possible objection that may exist to jurisdiction over his person. *Welser v. Ealer,* 317 Pa. 182, 176 A. 429 (1935) and *Miller v. Cockins,* 239 Pa. 558, 87 A. 58 (1913). This basic rule has not been modified by the Pennsylvania Rules of Civil Procedure. See, Goodrich-Amram, §1017(b)-7.

Order affirmed.

---

[4] As pointed out hereinbefore the additional objections were filed without leave of court or consent of the plaintiff.