## Armstrong v. Speedy-Therm, Inc.

*Murray S. Eckell*, for plaintiff.

*Joseph I. Diamond* and *Lloyd A. Good, Jr.*, for defendant.

*John R. Graham*, for additional defendant.

DIGGINS, J., December 30, 1965. — Plaintiff, on August 26, 1964, commenced an action in assumpsit against defendant, a Pennsylvania corporation, alleging damages resulting from a defect connected with an ice cube vending machine sold by defendant to plaintiff.

Defendant subsequently filed its answer denying any defect and also filed a petition under the Business Corporation Law of May 5, 1933, P. L. 364, sec. 1011B, as amended, 15 PS §2852-1011B, for service of defendant's complaint against Enviro Equipment Corporation, the additional defendant, a New York corporation unregistered in Pennsylvania. This court authorized the service pursuant to the applicable statute, and service was made on the Secretary of the Commonwealth.

The additional defendant thereafter filed preliminary objections which were twofold in nature, i.e., (1) that it has never done business in Pennsylvania so as to make it amenable to service under the provisions of the act, 15 PS §2852-1011B and C, and (2) that defendant's complaint fails to state a cause of action.

In support of the preliminary objections, testimony and evidence were presented by the additional defendant. Defendant contends, inter alia, that since the

additional defendant attacked defendant's complaint on its merits, it thereby waived any objection to jurisdiction. With this contention we cannot agree, since Pennsylvania Rule of Civil Procedure 1028 requires that all preliminary objections shall be raised at one time; therefore, the additional defendant would have waived his objection in the nature of a demurrer had it not been raised simultaneously with the jurisdictional question. See also, inter alia, Pa. R. C. P. 1017; Ellison v. Mitchell, 26 D. & C. 2d 45; Markloff v. Miller, 7 D. & C. 2d 323; Yentzer v. Taylor Wine Company, Inc., 409 Pa. 338; and Vant v. Gish, 412 Pa. 359.

Enviro, the additional defendant, presented as a witness one Lawrence Sergio, president of the corporation, who testified, inter alia, that (1) the corporation is a New York corporation with its stock owned by him and his son-in-law; (2) the corporation's address is in Brooklyn, N. Y.; (3) the corporation manufactures ice vending machines and environmental test equipment; (4) there are no agents, servants, managers or employes of Enviro soliciting business in Pennsylvania; (5) there are no persons employed by Enviro soliciting orders in Pennsylvania; (6) no employes of Enviro supervise installation or service equipment in Pennsylvania except upon request; (7) Enviro has no representative, no office, no real estate, owned or leased, in Pennsylvania; (8) defendant and three other distributors in Pennsylvania are independent contractors; (9) the agreement between defendant and additional defendant provides, inter alia, that defendant is an independent contractor and that defendant is not an agent of Enviro and shall not transact any business in its name; (10) there is no inter-relationship between defendant and additional defendant or the individuals associated with same; (11) no person or corporation in Pennsylvania has any authority to bind or use the name of Enviro; (12) Enviro has no

telephone listing or bank account in Pennsylvania; (13) all machines are assembled in Brooklyn and delivered f.o.b. Brooklyn, including the machine in question for which the order and purchase price were received in Brooklyn; (14) Enviro advertises in national trade journals but does not execute any retail sales in Pennsylvania, its sales being limited to wholesale transactions with its distributors; (15) between January 1, 1965, and June 1, 1965, Enviro did gross business with its Pennsylvania distributors in the amount of $52,640.50, with approximate gross annual sales of $350,000/$400,000; (16) the Pennsylvania distributors were solicited for about a year in 1962-63 through trade publications and possibly through direct solicitation in Pennsylvania; and (17) although the franchise contract with defendant provided for the supplying of sales information, lease agreements, order forms, advertising layouts, etc., he was not certain whether these services were provided to defendant.

Defendant produced no evidence.

The jurisdictional question posed in the instant case is a difficult one. However, a consideration of the applicable statutory provisions as well as case law leads us to the conclusion that the preliminary objection raising the question of the lack of jurisdiction must be sustained.

The Act of August 13, 1963, P. L. 703, secs. 1 and 2, amending section 1011 of the Act of May 5, 1933, P. L. 364, 15 PS §2852-1011B and C, provides as follows:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. On petition, alleg-

ing conduct of business within the Commonwealth by any corporation not qualified by the Secretary of the Commonwealth or having otherwise designated him as agent for the service of process, the court of the county in which the action is instituted shall authorize service to be made upon the Secretary of the Commonwealth. Service shall be made by the sheriff of such county, by transmitting to the Secretary of the Commonwealth, and to the defendant at his last known residence or place of business, by registered mail, return receipt requested, a copy of such process, together with a copy of the petition and order of the court, properly certified as such by the prothonotary. The return receipt by the post office department shall be evidence of service under this act. Where process is issued against any such foreign business corporation by any court of the United States empowered to issue such process under the laws of the United States, the Secretary of the Commonwealth is authorized to receive such process in the same manner as herein provided for process issued by courts of this Commonwealth. Nothing herein contained shall limit or affect the right to serve any process, notice or demand, required or permitted by law to be served upon a foreign corporation, in any other manner now or hereafter permitted by law.

"C. For the purpose of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business' ": Added November 10, 1959, P. L. 1406, sec. 1, as amended August 13, 1963, P. L. 703, sec. 2.

While it is clear from a reading of the pertinent

statute that the legislature intended a broad scope in determining what was in fact doing business in the Commonwealth, nevertheless it did leave open the question as one of fact, it did not make mere sales by independent contractors binding on the manufacturer as doing business in the Commonwealth and left open to question other areas of business practices.

The courts have consistently followed the foregoing reasoning and the law now seems clear as to where the line is to be drawn. By application of these rules to the facts in the present case, we are led to the conclusion that the additional defendant is not brought into the jurisdiction of this court by this statute. If such is not the law, then by reason of this statute, the mere delivery of goods into Pennsylvania or the mere servicing of goods in Pennsylvania confers jurisdiction and there is no more interstate commerce; so far as jurisdiction is concerned, it is all intrastate if it overlaps a State line.

In cases of this kind, it is clear, aside from the applicable statutory provisions, that the facts control the ultimate determination. Although a myriad of authorities abound in this area of the law, an analysis of five analogous authorities is sufficient to resolve the problem raised in the instant case.

In Yoffee v. Golin, 413 Pa. 154, it was held that an individual who acted in Pennsylvania as a middleman between a foreign corporation, engaged in the insurance business, and any insurance agent or broker, who had no authority to bind the corporation and who received no salary, was, at most, an independent contractor. Under these circumstances, it was concluded that the activities conducted by this middleman did not constitute "doing business" by the foreign corporation in Pennsylvania and thus that the corporation was not amenable to service of process through the Secretary of the Commonwealth.

Namie v. DiGirolamo, 412 Pa. 589, is most apposite. In that case, an action in trespass was commenced against an individual defendant and a corporate defendant, the latter being a foreign corporate manufacturer. It was alleged that the individual defendant was acting as the agent of the corporate defendant at the time of the accident. The court held that the individual defendant was an independent contractor and that the corporate defendant, under facts closely analogous to the instant case, was not "doing business" in Pennsylvania. It there appeared that the foreign corporation had no employes or agents in Pennsylvania, that the individual defendant was a manufacturer's representative with limited control over his activities; that the individual defendant had no authority to bind the corporation and that the corporation had no property, offices, etc., in Pennsylvania. Moreover, a comparison of the facts in the instant case with those present in the Namie case indicates that the instant case is even stronger, since the individual defendant in that case was paid a draw against commissions, the commissions never reached the draw; moreover, it is to be noted that the corporate defendant sends its representatives approximately four times a year to the individual defendant in Pennsylvania to discuss its accounts and business.

In Swavely v. Vandegrift, 397 Pa. 281, Justice (now Chief Justice) Bell affirmed the lower court's opinion sustaining preliminary objections on the ground of lack of jurisdiction against a foreign corporate manufacturer. It was there held that the corporation was not "doing business" in Pennsylvania under most analogous circumstances. Though the provisions of 15 PS §2852-1011B then required "acts or omissions" as compared to the present provision of "any action arising within the Commonwealth", same is not material to a determination of the instant case

since the provisions of 15 PS §2852-1011C then and now are similar. It is further to be noted, inter alia, that in the Swavely case the foreign corporation marketed its products through independent distributors in Pennsylvania under agreements wherein it was specified that the distributors were not agents and could not bind the corporation.

The defendant relies on two authorities, viz., Rufo v. The Bastian-Blessing Company, 405 Pa. 12, and Sample v. Econo-car International, Inc., 33 D. & C. 2d 625; both, however, are distinguishable. In the Rufo case, the Pennsylvania distributors were bound to the foreign corporation by restrictive type agreements and, in addition, full time employes of the foreign corporation systematically solicited business and engaged in other activities for the foreign corporation in Pennsylvania. In the Sample case, the foreign corporation reserved the right to determine the standard of service to be provided by plaintiff, to inspect its records, to establish rules for the operation of the business, to fix rental rates, etc.; significantly, the foreign corporation was to receive a monthly royalty on each vehicle maintained by plaintiff. In addition, the Sample case involved a suit by a franchised dealer against the franchising corporation for failure to furnish the assistance, guidance and "know how" promised in the agreement.

In light of our determination of the jurisdiction question, it is unnecessary to pass on the additional defendant's preliminary objection in the nature of a demurrer.

We, therefore, enter the following

### ORDER

And now, to wit, December 30, 1965, the preliminary objection of the additional defendant, Enviro Equipment Corp., raising the issue of lack of jurisdiction, be and the same is hereby sustained and defend-

ant's complaint against the said additional defendant be and the same is hereby dismissed. Leave is granted to any aggrieved party to file exceptions within 20 days.