## P. G. Metals Company, Inc. v. Hofkin

*Cohen, Shapiro,* Berger & *Cohen,* for plaintiff.

MCDERMOTT, J., March 17, 1967.—This cause comes before us for hearing upon cross-motions by plaintiff, P. G. Metals, Inc. (hereinafter P. G. Metals) for a preliminary injunction against further proceedings under an arbitration agreement, and by defendants, Harold E. Kohn, Esq. and Harry Hofkin (hereinafter Kohn and Hofkin) for dismissal of the underlying complaint in equity which seeks to disqualify defendant Kohn from serving as an appointed constituent of the tri-part arbitral board.

By the terms of a written memorandum of agreement made December 20, 1961, between P. G. Metals

and Hofkin, disputes arising thereunder were to be submitted to arbitration, each of the parties to designate an arbitrator, and they to select a third arbitrator to chair the proceedings. A decision by the majority of the panel thus constituted was to be final and binding upon the parties to the dispute, without the right of appeal therefrom.

A dispute arose and arbitration was demanded. Defendant Hofkin thereupon designated defendant Kohn as his appointee to the arbitral board. Plaintiff P. G. Metals, thinking Kohn ineligible to serve an impartial tribunal by reason of his prior particular representation as legal counsel in the underlying agreement, brought suit in equity seeking his preclusion therefrom.

Defendant Hofkin timely suggests an objection not merely to the substance and form of the complaint, but to the court's jurisdiction over him in the equity action: Hofkin sayeth the court lacks jurisdiction over him, for there has been no personal service of process upon him: Kelley v. Kelley, 382 Pa. 537 (1955). This question having been preliminarily raised, Pennsylvania Rule of Civil Procedure 1032(2) precludes the other allegations and objections from constituting a general appearance in the action which would cure the jurisdictional defect: Yentzer v. Taylor Wine Company, Inc., 409 Pa. 338 (1962). See also Goodrich-Am. §1504(a)-7. It raises a secondary jurisdictional question, the absence of an indispensable party: Gardner v. Allegheny County, 382 Pa. 88 (1955); accord, Reifsnyder v. Pittsburgh Outdoor Advertising Company, 396 Pa. 320 (1959), without whose presence the court can grant no relief: Id. at 326.

In an in personam suit, process must be served personally upon the individual to be affected thereby within the jurisdiction of the court in which the suit was commenced: Kelley, supra, at 543. Absent per-

sonal service of process instantly, defendant Hofkin may not be affected by a decree upon the merits of the cause; yet, it is said that one is an indispensable party when he has such an interest in the litigation that a final decree will necessarily affect it: see Gardner, supra. Without doubt, a decree in the main action will impair by qualification an ostensibly unqualified right of appointment under the written memorandum of agreement. We think, therefore, that defendant Hofkin is an indispensable party. Hence, the merits both at this juncture and in the main action are a disquisition from which the court is precluded unless service is effected and personal jurisdiction over the named-but-not-served defendant Hofkin is invested in the equity action.

We note the permissive thrust of Pa. R. C. P. 1505 and, accordingly, stay the proceedings hereunder, with leave to plaintiff to conform thereto.