**Van Wyk Construction Co. v. City of Philadelphia**
**City of Philadelphia v. Van Wyk Construction Co.**

*Alfeo P. Libetti*, Assistant City Solicitor, for City of Philadelphia.

*George A. D'Angelo*, for Van Wyk Construction Co.

*William J. McKinley, Jr.*, for Maryland Casualty Co., surety.

TAKIFF, J., March 29, 1974.—In 1954, the City of Philadelphia entered into a contract with the Van Wyk Construction Company and Maryland Casualty Company as surety, for the construction of an intercepting chamber for the Lower Delaware Collecting System. During the construction work, flooding occurred in and around the work site causing damage to abutting property and necessitating additional measures to prevent a recurrence thereof. At least three suits have arisen as a result of the flooding and construction work:

1. Nicholson File Co. v. Van Wyk Construction Co., United States District Court for the Eastern District of Pa., civil action no. 20604, a trespass action for the property damage and consequential damages caused by flooding. A jury verdict in favor of plaintiff in the amount of $8,561.24, including $1,705.27 for flood prevention, was returned on March 24, 1958.

2. Van Wyk Construction Company v. City of Philadelphia, June term, 1956, no. 4464, an assumpsit action for nonpayment for work undertaken pursuant to the contract as well as for extra work ordered to be done by the city.

3. City of Philadelphia v. Van Wyk Construction Company and Maryland Casualty Company, June term, 1957, no. 8574, an assumpsit action for failure to perform work under the contract and damages suffered by reason of having to obtain substitute performance.

In connection with the two assumpsit actions presently before the court, the City of Philadelphia has

filed a petition for allowance to amend answer in the action in which it is defendant and a motion for partial summary judgment in the case wherein it is plaintiff. City seeks to apply the doctrine of collateral estoppel to the present cases by setting up the judgment obtained by the Nicholson File Co. in the Federal court trespass action as res judicata to the issue of whether Van Wyk's method of construction, specifically the iron fluming undertaken as a temporary solution to the problem of rain and sewage runoff, caused or contributed to the flooding in the area. In order to determine whether the doctrine of collateral estoppel applies in the present circumstances, and to what extent, it is necessary to examine the pleadings and charge of the court in the Nicholson case.

In Nicholson, plaintiff alleged that it suffered property damage and other consequential damages as a result of the construction work carried out pursuant to the contract between the city and Van Wyk. Suit was instituted solely against Van Wyk due to the "hold harmless" clause of the contract and it was expressly declared in the complaint:

"2. The specifications and standard contract conditions, however, are in no way relevant to any of the issues involved in this case and, therefore, they are not incorporated herein as an exhibit."

The two counts of the complaint alleged that plaintiff suffered injury and loss due to: (1) the inherent nature of the construction under the contract, and (2) the negligent construction of temporary measures designed to relieve the runoff of water and sewage. In his charge, Judge John W. Lord, Jr., instructed the jury:

"If you find that the flooding of plaintiff's property was caused in whole or in part by the inherent nature of the construction work, or work done by the defendant in connection with the construction, and that

the flooding caused damage to the plaintiff, then the plaintiff is entitled to recover from the defendant for this damage.

"Putting it in other words, members of the jury, you have two questions to decide: Did the defendant's construction work cause the flooding of plaintiff's property in whole or in part? Did the plaintiff sustain any damage as the result of the flooding?"

Although Pennsylvania cases still give lip service to the requirement of mutuality of parties where collateral estoppel is sought to be applied, it is apparent that this is no longer vigorously enforced: Posternack v. American Casualty Co. of Reading, 421 Pa. 21 (1966). The key factor to which the courts look to determine whether lack of mutuality of parties will bar application of the doctrine of collateral estoppel against a party is whether that party has had an adequate opportunity to fully litigate the issue in the other proceeding. Although Van Wyk had an opportunity to litigate the issue in the Nicholson case, Maryland Casualty Company, which is a defendant in one of the present cases, was not a party to that action and had no opportunity to contest the issue previously. Thus, to apply collateral estoppel and to preclude it from litigating the issue in the present matter would constitute a denial of due process. Further, in Nicholson, Van Wyk did not have the opportunity to litigate the issue as to whether it or the city was negligent due to the "hold harmless" clause in the contract.

The major requirement in determining whether collateral estoppel should be applied is that there must be an identity of issues in the present case and the prior proceeding. An adjudication of an issue in one case is not conclusive of an entirely different and distinct issue arising in a second case, even though much of the same evidence may be adduced on the trial of both issues. When the subsequent litigation is

on a distinctly different cause of action, as here, the former judgment is conclusive between the parties as to matters which were, but only as to matters which were, actually in litigation and actually determined. If a matter or question was essential to the adjudication of litigation, which has been finally determined, the parties to that litigation, and their privies are estopped and concluded from relitigating that matter or question in any subsequent proceeding. Finally, a judgment is conclusive only as to matters which must have been found, in order to sustain it, and to no others, unless it can be shown that they were actually tried and determined in arriving at it: 20 P. L. Encyc. §294.

Assuming arguendo that the requirement of identity of parties poses no obstacle to application of collateral estoppel in these cases, the doctrine cannot be applied unless it can be said that the issue as to whether Van Wyk's construction work, specifically the iron fluming undertaken as a temporary solution to the problem of water and sewage runoff, caused in whole or in part the flooding at the site, was actually determined in the prior action. An analysis of the pleadings and the charge of the court in the Nicholson case reveals that the jury could have found against Van Wyk on that ground or on the basis of the inherent nature of the construction work under the contract. In these circumstances, it cannot be determined whether one or the other was actually determined and, therefore, the issue cannot be precluded in the present matters. For this reason, the motion for summary judgment is denied.

There remains for disposition by the court the city's petition to amend answer in the case in which it is defendant. In Posternack v. American Casualty Company, supra, the court stated:

"It has long been the law in this Commonwealth

that an amendment to the pleadings is a matter of judicial discretion: Yentzer v. Taylor Wine Co., Inc., 409 Pa. 338, 186 A.2d 396 (1962). By the same token, it is equally well established that such amendments should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law. See Schaffer v. Larzelere, 410 Pa. 402, 189 A.2d 267 (1963), and Kilian v. Allegheny Co. Dis., 409 Pa. 344, 185 A. 2d 517 (1962)."

In Posternack, the petition to amend was filed within four months after the verdict in the Federal case became final. The present petition was not filed until 17 years after the commencement of the action, 15 years after the verdict and judgment in the Nicholson case, and four years after the filing of a certificate of readiness in the present action. In view of the extraordinary delay in pleading the prior judgment in this action and in view of the court's consideration of the city's motion for summary judgment in the related action in which it is plaintiff, the court hereby denies the petition to amend answer.