**Greenfield Realty Co., Inc. v. Lincoln Bank**

210

*Allen J. Levin*, for plaintiff.
*Alan C. Gershenson*, for defendant.

SMITH, S., *J.*, October 16, 1975—Defendant, Denny, has filed a petition for leave to amend answer and new matter. Counsel for both parties have filed extensive briefs with the court in support of their respective positions. In order to properly dispose of defendant's petition for leave to amend, it is necessary that a short history of this case be cited.

Plaintiff, Greenfield Realty Company, Inc., instituted a complaint in assumpsit against Lincoln Bank and Norman D. Denny to recover commissions allegedly due plaintiff as compensation for services performed by plaintiff on defendant's behalf. The amount claimed to be due and owing is $50,000. Plaintiff instituted suit against Lincoln Bank, which suit was subsequently discontinued and continued against defendant Norman D. Denny, only. The suit against Lincoln Bank was discontinued with prejudice and releases were executed by the parties. In the answer to plaintiff's complaint, filed by defendant, Denny, it was denied that Denny purported to act in the capacity of president of Lincoln Bank, rather, it was averred that Denny, at all times relevant hereto, acted and purported to act solely on behalf of himself and Denny Motor Inns Corporation. In addition, it was denied that $50,000 was due to plaintiff as compensation for services performed by plaintiff as stated in the complaint.

The pleadings in their present posture clearly indicate that Mr. Denny, by way of his answer and new matter, unequivocally stated that he was acting on behalf of himself and also on behalf of Denny Motor Inns Corporation. The proposed petition for leave to amend would now permit Mr. Denny to

state that he was solely acting for Denny Motor Inns Corporation only and not for himself as originally set forth in the answer and new matter. A reading of the entire record in this case makes it obvious that the proposed amendment to pleadings, which in most instances should be liberally granted, would in this case not serve the interest of justice and would cause prejudice to plaintiff. The defendant, Denny, after clearly and unequivocably admitting that he acted on his own behalf or on behalf of Denny Motor Inns Corporation when negotiating the agreement, which is the basis of this litigation, now wishes to amend these pleadings placing full liability, if any exists, on the corporation called Denny Motor Inns Corp. It should be noted that the original pleadings filed by defendant were supported by an affidavit executed and sworn to by defendant.

To allow the amendment in the instant matter, would severely prejudice plaintiff and would allow defendant to use the rules providing for liberal amendment, as a vehicle in a manner that would not serve the ends of justice. The law in this area is clear:

"The amendment of pleadings is a matter for the exercise of a wise and judicial discretion in the court below. The right to amend should be liberally granted at any stage of the proceedings, *unless there is an error of law or resulting prejudice to an adverse party*.": Kilian v. Allegheny County Distributors, 409 Pa. 344, 347, 185 A. 2d 517 (1962). See: Pa.R.C.P. 126 and 1023. See also Yentzer v. Taylor Wine Co., 409 Pa. 338, 186 A. 2d 396 (1962).

A complete review of the history of this case demonstrates to this court that to allow defendant leave to amend answer and new matter would cause plaintiff to suffer prejudice and that, above and

beyond anything else, procedural rules are to be construed in a manner to the end that justice may be administered.

Therefore, defendant's petition to amend answer and new matter of defendant, Norman D. Denny, is denied.