## McKinney for use *versus* Hamilton *et ux.*

51 | 63
156 | 634

1. Where the wife sold her real estate and a mortgage for part of the purchase was taken in the name of the husband and wife, they are not accounted joint mortgagees, and payment to him, with his entry of satisfaction, will not discharge the mortgage, but the wife may recover thereon in a *scire facias* against the mortgagor.

2. Entry of satisfaction in such case is not evidence of payment even to the husband.

ERROR to the Court of Common Pleas of *Allegheny county.*

This was a *scire facias* on a mortgage by Lydia B. McKinney, surviving Alexander McKinney, deceased, for use of herself and Mary Oliver, against James Hamilton and Sarah his wife.

Verdict for plaintiff, $119.50, and writ of error by plaintiff.

Lydia McKinney, the plaintiff, was the daughter of Joseph Oliver, deceased, and Mary Oliver. A lot of land in Pittsburgh, late the estate of her father, was decreed to her under proceedings in partition, subject to her mother's dower, being the interest of $500 annually. Lydia sold this lot to Sarah Hamilton for $1400, of which $900 was paid in hand and a bond and mortgage given by the purchasers for $500, payable, with interest, April 1st 1859, to Alexander McKinney and Lydia McKinney. This is the mortgage on which this suit is brought.

Mrs. Oliver, the widow, at the time of her conveyance released her dower in the lot, and the interest of the $500 secured by the bond and mortgage was at the same time assigned to her to secure her dower. The assignment was duly recorded and the interest paid regularly to the widow till April 1st 1856. Alexander McKinney, the husband, entered satisfaction on the mortgage March 24th 1864.

There was no proof of actual payment to the husband.

The question in the court below was, whether the plaintiff was entitled to recover $792.50, the whole amount of principal and interest, or only $119.50, the amount of interest due to the widow. The jury gave a verdict for $762.50, subject to the question of law reserved by the court.

After stating the facts, the court (Stowe, A. J.) delivered the following opinion:—

"I am of opinion that an actual payment of the mortgage to him (A. McKinney), by the mortgagors, would satisfy the mortgage, precisely as in other cases of payment to one of two or more joint obligees or mortgagees. This appears to have also been the view taken by C. J. Lowrie, in the case of Trimble *v.* Reis, where he says, 'The mortgage could not be released by the husband, *without* a consideration that would legally amount to payment.'

[McKinney *v.* Hamilton.]

"Assuming this to be so, then was there sufficient evidence of actual satisfaction or payment of this mortgage to McKinney? All we have is the entry of satisfaction on the record. Is this enough? I can find no case, and can see no reason why the rule of evidence should be different in this case from ordinary cases. I take it, the evidence shows sufficiently that the defendants paid the money coming to McKinney and wife, under the mortgage to him, at least to make out a *primâ facie* case; and, if so, the plaintiff has failed to show a right to recover the principal sum., viz., $500, secured by the mortgage.

"All she is entitled to recover in this suit is the amount of interest accruing from April 1st 1856 to 24th March 1860, viz., $119.50."

The plaintiff removed the case into this court, and here assigned the following errors :—

The court erred, 1. In deciding that the satisfaction of the mortgage, by McKinney, on the 24th day March 1860, was a good and valid satisfaction.

2. In deciding that McKinney had the same right to satisfy the mortgage that any other mortgagee would have, and that McKinney could satisfy this mortgage "precisely as in other cases of payment to one of two or more joint obligees or mortgagees."

3. In not entering judgment for the full amount ($762.50) of the verdict rendered by the jury.

4. In totally ignoring the fact that the real estate sold was the separate property of the wife, and that the mortgage was her separate property.

5. In disregarding the fact that the interest of the mortgage was assigned and made payable to Mrs. Oliver *during her natural life.*

6. The judgment on the mortgage, entered by the court, is a final one, and no suit can be brought hereafter for the recovery of the future interest which may accrue.

*A. H. Miller,* for plaintiff in error.—The effect of sustaining this judgment will be to take the property of the wife without her consent, and also the income of the widow. Being the proceeds of the wife's real estate, the securities were hers and she has shown no intention to part with them : Trimble *v.* Reis, 1 Wright 448. The defendants were bound to know the mortgage was hers and could not be released by her husband. If Mrs. McKinney is not protected against this act of her husband, the Married Woman's Act is of no value : Wright *v.* Brown, 8 Wright 239.

*Woods,* for defendant in error.

[McKinney *v.* Hamilton.]

The opinion of the court was delivered, November 2d 1865, by READ, J.—By proceedings in the Orphans' Court the estate of Joseph Oliver was divided into six purparts, and one purpart, valued by the inquisition at $1500, was decreed to his daughter, Lydia Oliver, a minor, subject to the dower of her mother, Mary Oliver, viz.: the interest of $500, annually, during her natural life. Lydia, having intermarried with Alexander McKinney, sold and conveyed this purpart, consisting of a lot of ground, to Sarah Hamilton, wife of James K. Hamilton, Mary Oliver releasing her dower-interest to Mrs. Hamilton, as appears by the deed of conveyance, which she signed as a witness. On the same day McKinney and wife assigned to Mrs. Oliver the interest of the mortgage of $500, hereinafter stated, to be paid to the said Mary Oliver during her natural life, which assignment was duly recorded.

The purchase-money was $1400; $900 of it in cash, and $500 for which Hamilton and wife gave their bond, secured by a mortgage of the same premises. The principal was payable April 1859, with interest annually, which interest was regularly paid by the mortgagors to Mrs. Oliver, from 1st October 1852 to 1st April 1856, semi-annually.

On the 24th March 1860, Alexander McKinney entered satisfaction on this mortgage, but there was no evidence that any money was paid to him by the mortgagors, nor that his wife ever knew of its entry or ever authorized it, or received one cent of the amount of the mortgage. The court, assuming this state of facts, and considering the evidence on the part of the defendant as immaterial, held, that an actual payment by the mortgagors to the husband would satisfy the mortgage, and that the entry of satisfaction on the records makes out at least a *primâ facie* case of payment. The court, therefore, decided the reserved point against the plaintiff.

The real estate was the separate property of the wife, and when sold, the cash paid, and the securities for the balance of the purchase-money, belonged exclusively to the wife, and were not subject to the control or disposition of the husband. The mother, it is true, by an assignment, had a life interest in it, and this was recognised by the mortgagors by paying the interest to her. The bond and mortgage were the separate property of the wife, and this was known, from its origin to the end, to the mortgagors.

If they actually paid the money to the husband, they paid it with a full knowledge that it was the wife's money, and should be paid to her, and they did so with a full knowledge of the life interest of the mother in the fund. If they did make such a payment, then they made it in their own wrong, and they must pay it over again to the rightful owner, the wife, now a widow. But it is conceded that there is no evidence of any payment of the wife's money to the husband. Entry of satisfaction in such a case is

1 P. F. SMITH—5

[McKinney *v.* Hamilton.]

not evidence of payment—wrongful payment—of the wife's money to the husband; it only proves that he did an act he was not authorized to do—enter satisfaction on the mortgage.    The court, considering it in the same light as a payment to one of two obligees or mortgagees, shows the cardinal error they made in not recollecting it was the wife's separate property, which the husband could neither take, touch, control, or dispose of.

The other facts in the case do not affect this view, and therefore the judgment must be reversed, and judgment entered on the verdict for $762.50, with interest from the 18th January 1865.