Stahl, Attorney General *v.* Insurance Company
of North America, Appellant.

Argued May 23, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Robert B. Ely, III,* with him *George H. Hafer, Robert L. Rubendall,* and *Hull, Leiby and Metzger,* for appellants.

*Jack M. Cohen,* Deputy Attorney General, with him *Robert M. Taylor,* Special Assistant Attorney General, and *David Stahl,* Attorney General, for appellee.

OPINION BY MR. JUSTICE EAGEN, October 5, 1962:

These are appeals from an order of the Court of Common Pleas of Dauphin County dismissing a petition in escheat proceedings for lack of jurisdiction.

The Commonwealth of Pennsylvania initiated the action to compel the Insurance Company of North America to pay into the State Treasury *without escheat* certain unascertained personal property presently in the possession and control of the respondent company which is due and payable to others, and which has remained unclaimed for a period of seven years and upwards. By agreement, several subsidiary companies of the original respondent were permitted to intervene.

The petition was specifically filed pursuant to the provisions of the General Act of Assembly of May 16, 1919, P. L. 177, as supplemented and amended, 27 P.S. §431 et seq., and as re-enacted by The Fiscal Code of April 9, 1929, P. L. 343, §1310, as amended, 72 P.S. §1310.

In answer filed, the respondents denied holding any property under conditions rendering it escheatable to the Commonwealth, but included a cross-petition therein, wherein it was stated that certain unclaimed personal property belonging to others was within the control and possession of the respondents, which is the

subject of the controversy with the Commonwealth. It asserted that this property for certain stated reasons was not payable to the Commonwealth *with or without escheat* and requested a declaratory judgment in favor of the respondents.

Subsequently, all of the parties to the litigation entered into a stipulation setting forth in detail certain facts dealing with the property involved.[1] In the stipulation, it was also recited that the Commonwealth claimed the property *with or without escheat* under ten listed and allegedly relevant statutes; that the respondents denied liability under any existing law or statute; that all parties requested the court to decide the issue as if the respondents had demurred to the complaint and to determine if the property involved was escheatable to the Commonwealth.

The court below entered an order dismissing the petition, holding that since the proceedings were instituted under the Act of 1919, supra, the Court of Common Pleas of Dauphin County lacked jurisdiction and that the necessary jurisdiction could not be conferred by consent or agreement of the parties.

To this order, the respondents duly entered an exception which was dismissed. The Commonwealth filed a memorandum stating it took no exception to the court's order and indicated it planned to pursue the action in the proper tribunal. The respondents filed these appeals.

The principal office of the original respondent is in the City of Philadelphia, County of Philadelphia. None of the other respondents maintain principal offices in Dauphin County. This being so, under the facts presented, Dauphin County did not have jurisdiction to

---

[1] In some instances the facts were admitted only for the sake of argument and additionally each party reserved the right to prove at trial other relevant facts.

entertain a petition under the provisions of the Act of 1919, supra, for the payment of funds into the State Treasury, without escheat: *Alpern v. Girard Tr. Corn Exch. Bk.*, 403 Pa. 391, 170 A. 2d 87 (1961). The correctness of this conclusion, the respondents concede. However, they maintain that because they did not challenge the jurisdiction, but rather requested the court to entertain the action and determine the merits of the controversy, plus the fact that in the stipulation referred to, the Commonwealth agreed that it was claiming the funds involved *with, as well as without, escheat,* that this cured any existing jurisdictional defect over the subject matter involved. We cannot subscribe to this position.

If this action were governed by the Act of May 2, 1889, P. L. 66, §5, as amended, 27 P.S. §41, which deals exclusively with funds payable to the Commonwealth *with escheat,* the Court of Common Pleas of Dauphin County would enjoy concurrent jurisdiction. But, this is not the case. The proceedings were instituted under the Act of 1919, supra, which deals exclusively with the payment of unclaimed funds into the State Treasury *without escheat.* Jurisdiction is specifically limited under this statute to certain enumerated courts. See, *Alpern v. Girard Tr. Corn Exch. Bk.*, supra. Dauphin County, under the facts presented, is not one of them.

The failure of the respondents to object to the jurisdiction, or even an agreement by all of the parties involved to the effect that the court could overlook the jurisdictional defect and proceed to enter an adjudication did not give the court jurisdiction: *Gardner v. Allegheny County,* 382 Pa. 88, 114 A. 2d 491 (1955) ; and, *McGinley v. Scott,* 401 Pa. 310, 164 A. 2d 424 (1960). At most, this is what the circumstances presented amount to.

Appellants also strenuously adjure that we not only decide favorably the jurisdictional question, but that we

determine, on this appeal, the merits of the issues and decide finally whether or not the different classes of property involved are liable to escheat. In view of our determination of the first question, this needs no discussion. However, we may add, that it is not our custom to render advisory opinions, and this is what we are requested to do, particularly so, since all of the facts have not as yet been finally resolved.

Lastly, this is not a proper case for a declaratory judgment. See, *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222 (1962).

Order affirmed.