Brenner, Appellant, *v.* Sukenik.

326

Argued January 14, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Conrad A. Falvello,* for appellant.

*Martin D. Cohn,* with him *Laputka, Bayless, Ecker & Cohn,* for appellees.

OPINION BY MR. JUSTICE EAGEN, March 19, 1963:

This action in equity was instituted by the wife against her husband for support and maintenance under the Act of May 23, 1907, P. L. 227, as amended, 48 P.S. §§131, 132. The nature of the action was both in personam and in rem. In addition to an award for support, the complaint requested the seizure of the husband's real estate, individually held, and also asked the termination of an account in a savings and loan

association registered in both names and allegedly owned as tenants by the entireties. In connection with the last mentioned property, the wife requested that the one-half owned by the husband be charged with payment of the support order.

An answer filed to the complaint denied that the husband had failed or refused to support his wife. By counterclaim, the defendant also requested the termination of the savings account involved, alleging that it was created in pursuance of and subject to a written agreement between the parties, which the wife-plaintiff had violated. The court was asked to decree and award the entire amount in the account to the husband. The jurisdiction of the court was also questioned on the ground that the plaintiff had an adequate remedy at law. After reply filed, the issue came on for hearing.

The chancellor overruled the objection to the jurisdiction and proceeded to dispose of the matter on the merits. Upon the basis of facts specifically found, he concluded that: the wife-plaintiff had left her husband without reasonable cause; while the parties lived together the husband had supported his wife commensurate with his income and did not at any time refuse to provide her with suitable maintenance; the savings deposit account involved was created pursuant to a written agreement entered into between the parties; the entire sum deposited in this account was the personal money of the husband; in consideration, the wife-plaintiff had agreed to enhance the account by adding thereto $2000 of her own; the wife failed to comply with her obligation in this respect. He, therefore, decreed that, under the facts, the wife-plaintiff was not entitled to an award for support, and that the savings account should be terminated and paid in totality to the defendant-husband.

Exceptions to the decree nisi were dismissed by the court en banc and the findings and conclusions of the

chancellor confirmed absolutely. The wife-plaintiff appeals.[1]

The court had no jurisdiction to entertain the action for support under the Act of 1907, supra. The complaint failed to allege that the husband-defendant had separated from his wife before the action was filed. The proof established that as of that time the parties were still living together and did not justify a conclusion, or even purport to show, that any desertion occurred.

The Act of 1907 created a special procedural right in equity for support, in addition to existing common law remedies. In order to proceed thereunder, it is a sine qua non that the husband had separated himself from his wife without reasonable cause before the institution of the action: *MacDougall v. MacDougall,* 397 Pa. 340, 155 A. 2d 358 (1959). This is basic to jurisdiction. The question of equity's jurisdiction must be determined on the facts and circumstances existing upon the date the action is instituted: *Lafean v. American Caramel Co.,* 271 Pa. 276, 114 A. 622 (1921). It is immaterial that a proper objection to the jurisdiction was not entered. If jurisdiction of the subject matter is lacking, it may not be supplied by consent: *Stahl, Attorney General v. Ins. Co. of No. America,* 408 Pa. 483, 184 A. 2d 568 (1962).

However, the court had jurisdiction to entertain the cause pleaded by the counterclaim, involving the true ownership of the funds in the savings account, since this was a proper matter of equitable cognizance: *Hutchinson v. Dennis,* 217 Pa. 290, 66 A. 524 (1907).

In the instant case, the plaintiff could have validly objected to the sufficiency of the defendant's counter-

---

[1] The husband-defendant died February 18, 1962, and the testamentary representatives of his estate were substituted as party defendants.

claim with respect to the savings account. A counterclaim to a complaint in equity may only be pleaded to a cause of action which arises from the same transaction or occurrence from which plaintiff's cause of action arose. Pa. R. C. P. 1510; Goodrich-Amram, §1510 (a); *Schomaker v. Schomaker*, 247 Pa. 444, 93 A. 460 (1915). Since the plaintiff's complaint was solely a cause of action for support, the counterclaim of the defendant regarding the true ownership of the savings account was not germane in that the wife-plaintiff could obtain support from the husband's property whether it was held by them as tenants by the entireties or whether the husband was the sole owner of the property: *Crane v. Crane*, 373 Pa. 1, 95 A. 2d 199 (1953). However, the objection to the fact that the counterclaim was not germane to the original complaint should have been made by preliminary objection in the nature of a demurrer: Pa. R. C. P. 1017(b)4;[2] 8 Standard Pennsylvania Practice 228. The general rule is that objections which may be raised by preliminary objections are waived if not so raised: Pa. R. C. P. 1032.[3] An objection that a cross-bill is not germane to the original bill is waived by a general answer to the cross-bill: *Sears v. Scranton Trust Co.*, 228 Pa. 126, 77 A. 423 (1910); 30 C.J.S., Equity §387. Further, this Court will not review questions that were neither raised, tried or considered in the trial court: *Fisher v. Brick*, 358 Pa. 260, 56 A. 2d 213 (1948); *Bechler v. Oliva*, 400 Pa. 299, 161 A. 2d 156 (1960). The objection that the counterclaim was not germane to the original complaint was not raised by the plaintiff and is considered waived. We will, therefore, decide wheth-

---

[2] This rule was made applicable by Pa. R. C. P. 1501 and 1509-(a).

[3] This rule was made applicable to equity actions by Pa. R. C. P. 1501.

er or not the court below correctly determined the question raised by the counterclaim.

A conveyance of real or personal property to a husband and wife *without more,* vests in them an estate by the entireties with all legal incidents: *Madden v. Gosztonyi Savings and Trust Co.,* 331 Pa. 476, 200 A. 624 (1938). However, intention is the cardinal and controlling element and if it is the intention of the parties to create an estate other than by entireties, such intention will be given effect: *Heatter v. Lucas,* 367 Pa. 296, 80 A. 2d 749 (1951) ; *Blease v. Anderson,* 241 Pa. 198, 88 A. 365 (1913). There is presently no legal interdiction which restrains the creation of an estate in a husband and wife other than that of tenants by the entireties: *Heatter v. Lucas,* supra; 132 A.L.R. 643, 644.

The savings account involved undeniably consisted of separate funds of the husband. This fact, of course, is not controlling in determining the nature of the estate: *Hunt v. Mestrezat,* 361 Pa. 415, 65 A. 2d 389 (1949). Moreover, it is undisputed that the account was created and governed by a written agreement between the parties. Thereunder, the wife had certain obligations. The chancellor found as a fact that she failed to keep her part of the bargain. This finding was approved by the court en banc. There is ample evidence in the record to support this finding. It is fundamental that, under such circumstances, the facts so found have the force and effect of a jury's verdict: *Sterrett v. Sterrett,* 401 Pa. 583, 166 A. 2d 1 (1960) ; *Fiore v. Fiore,* 405 Pa. 303, 174 A. 2d 858 (1961).

The court below correctly construed the contract involved and entered a decree which equity required.

Decree affirmed, each side to pay own costs.