## Uccellini, Appellant, v. Uccellini.

Argued October 4, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

274

[redacted]

*Zeno Fritz,* for appellant.

*Joseph I. Lewis,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 15, 1966:

Dora Uccellini filed an action in equity against her husband Emil Uccellini for an accounting of certain funds, Dora Uccellini claiming one-half of those funds. Her claim can be treated in two segments, the first of which is that a tenancy by the entireties was created in the proceeds of the sale and lease of husband's business property since her name appeared in all the documents of sale (chattel mortgage, judgment note, contract of sale and lease). The court below held that there could be no presumption of a gift to the wife or creation of tenancy by entireties because of her having her name inserted in the documents of sale; and that, on the contrary, a distinct transaction was required to create such a tenancy. The court in this instance, relied on *Trimble v. Reis,* 37 Pa. 448, where it was held that, where the property sold was in the wife's name only, a gift to the husband could not be presumed merely from the presence of his name on the deed to the purchaser and mortgage. The *Trimble v. Reis* decision, was reaffirmed in *Bramberry's Estate,* 156 Pa. 628, where this court noted that: "If, as in Trimble v.

Reis, 37 Pa. 448, and Dexter v. Billings, 110 Pa. 135, the wife alone was entitled to the land, or as in McKinney v. Hamilton, 51 Pa. 63, the mortgage was for purchase money due on a sale by the wife of land she inherited from her father, a different question would be presented."

In *Bramberry's Estate,* the court had found that the property in question had been purchased jointly by husband and wife. There is no such contention here. We, therefore, see no reason to disturb the conclusion reached by the court below that the wife-plaintiff is not entitled to the proceeds of the sale and lease of the husband's solely owned property.

The second segment of the wife-plaintiff's claim argues that a tenancy by the entireties was impressed on all the funds that had been deposited by the husband in joint bank accounts in the names of both husband and wife. The court below found that, though in this case there was a distinct transaction (the opening of the joint account in both names) which would presumably create a tenancy by the entireties, the intention of the parties would be all-governing. In this respect, the court concluded that there had been a mutual agreement between the husband and the wife that both would contribute their funds to the joint account, but that such mutual performance did not actually occur since the wife deposited substantial amounts received from the sale of her stock and realty in her own account. The wife's explanation (namely, to protect the fund from the government's tax claims against the husband) could not prevail in her behalf since she continued to leave funds so deposited after the tax claim had been settled. Under all the evidence the indications were strong that the wife "never intended to contribute to the joint accounts despite her agreement to do so." The Court below accordingly held that there was no valid creation of a tenancy by the entireties in

the joint bank accounts, as such creation was dependent on the wife's performance of her agreement to deposit her funds in the accounts but she failed to so perform.

We believe the court below properly determined that an estate by the entireties was to be created in the joint bank accounts only if there was like performance by the wife. Therefore, the wife was not entitled to claim one-half ownership of the husband's funds which he had deposited in the joint account, while she retained sole ownership of her funds in a separate account, contrary to the agreement whereby the joint account had been set up and the husband's funds had been deposited therein. The Court below found, with evidence to support the finding, that "the plaintiff wrongfully refused to comply with her agreement and a tenancy by the entireties was not created in the bank accounts."

It thus follows that the wife-plaintiff is not entitled to an accounting with regard to the proceeds from the sale and lease of the business properties or with respect to any amounts deposited by the husband in the joint accounts.

Decree affirmed; each party to bear own costs.

Mr. Justice ROBERTS concurs in the result.