## Carnevalino Estate.

Argued May 2, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Angelo A. DiPasqua,* for appellant.

*A. Bruce Niccolo,* with him *Moorshead & Niccolo,* for appellee.

OPINION BY MR. JUSTICE COHEN, October 9, 1969:

In this proceeding, Ernest L. Carnevalino, executor of the estate of Francesco Carnevalino, deceased, seeks to recover as an asset for said decedent's estate a certain bond and mortgage presently in the possession of and claimed by Lucia Carnevalino, the decedent's surviving spouse, as her property as surviving tenant by the entirety.

From the pleadings, it is admitted that the decedent purchased (in his name only) a property in 1922,

prior to his marriage. In 1965, the property was conveyed to Frank DiFabrizio, who, in partial payment, executed a bond and mortgage which designated decedent and Lucia as mortgagees. Lucia was present at the time of settlement and signed the settlement sheet and the deed by her mark. Francesco subsequently died testate naming his son, Carlo, as one of his beneficiaries. In this action brought by the executor of the decedent's estate to determine whether the mortgage is an asset of the decedent or the property of the widow, as survivor of an estate by the entireties, the principal issue is whether the testimonies of the widow and son Carlo are admissible under the "dead man's rule." The lower court found no prima facie gift and therefore excluded the wife's testimony and admitted that of the son. Thereupon the court determined that the bond and mortgage was an asset of the estate and ordered the widow to deliver the same to the executor. The widow appeals this decree.

The approach to determining the competency of a witness under the "Dead Man's Act", Act of May 23, 1887, P. L. 158, §5, 28 P.S. §322, has recently been outlined by this Court in *Ford Estate*, 431 Pa. 185, 245 A. 2d 443 (1968). It was there determined that the question of whether the proposed witness' interest is adverse to that of the decedent is to be answered by first determining whether the gift or transfer is prima facie valid. This is to be done without regard to the testimony which the witness would offer. *Ford Estate*, supra at 187.

We hold that the widow had established a prima facie gift in light of the documentary evidence. *Holmes Estate*, 414 Pa. 403, 200 A. 2d 745 (1964). "A conveyance of real or personal property to a husband and wife without more, vests in them an estate by the entireties with all legal incidents." *Brenner v. Sukenik*,

410 Pa. 324, 330, 189 A. 2d 246 (1963). "Where property or an account is placed in the names of a husband and wife, a gift and the creation of an estate by the entireties is presumed even though the funds used to acquire the property or to establish the account were exclusively those of the husband: Cribbs Estate, 411 Pa. 242, 191 A. 2d 379 (1963)." *Holmes Estate,* supra at 406. The form in which the purchase money mortgage and bond were executed established a presumption of a gift.

Relying on *Uccellini v. Uccellini,* 423 Pa. 273, 223 A. 2d 694 (1966), the lower court did not apply this presumption. It is contended that *Uccellini* holds that the inclusion of the wife's name on the document of sale is not sufficient, but that a distinct transaction is required to create a tenancy by the entireties. In *Uccellini,* however, this Court found that no tenancy by the entireties was created because of the failure of the wife to perform her part of the bargain to contribute funds to the tenancy by the entireties. *Uccellini* has been restricted to this factual context. See *Cohen v. Goldberg,* 431 Pa. 192, 244 A. 2d 763 (1968) (n.1). Here there is no evidence of an agreement between decedent and his widow which would differentiate this case from the accepted rule of *Holmes Estate.* Thus, a prima facie gift had been established and the widow was competent to testify.

Without passing upon the admissibility of the son's testimony, we find no testimony which indicates that decedent's intention was other than as indicated by the executed documents. Therefore, the presumption that an entireties was created by taking the mortgage and bond in joint names was not rebutted and the property passed to the survivor.

Decree reversed and petition dismissed; costs on the estate.