## Tirelli v. Tirelli

*Phillip P. Santucci,* for plaintiff.
*Thomas J. Turczyn,* for defendant.

WILLIAMS, P. J., July 20, 1972.—This case is before the court on a complaint in equity filed by plaintiff, John C. Tirelli, against Mozelle L. Tirelli and Jeanne Loewenthal Keeley and Minor Green Keeley, her husband, defendants. Defendants, Jeanne Loewenthal Keeley and Minor Green Keeley, are the vendors in a sales agreement dated March 31, 1962, in which plaintiff, John C. Tirelli, and defendant, Mozelle L. Tirelli, are the vendees. The real controversy in the case is between John C. Tirelli and Mozelle L. Tirelli.

The relief sought by plaintiff is that this court declare that defendant, Mozelle L. Tirelli, be deemed to hold her interest in the real estate involved in the

sales agreement as resulting trustee for plaintiff and to require the vendors in the agreement to execute a deed to plaintiff upon payment of the purchase money in its entirety. The complaint alleges that plaintiff paid the entire purchase price for the land and the entire cost of the construction of a dwelling thereon. He further contends that at the time the sales agreement was executed he did not intend to make a gift to his then wife but merely placed title in the name of himself and wife as a matter of business expediency under the mistaken assumption that wife-defendant was, in fact, his lawful wife and that a tenancy by the entireties would insulate the property from the claims of his individual creditors.

## FINDINGS OF FACT

1. Plaintiff, John C. Tirelli, resides at 32 Koscuisko Street, Brooklyn, N. Y.

2. Defendant, Mozelle L. Tirelli, resides at 715 Green Avenue, Brooklyn, N. Y.

3. The parties were married on December 25, 1961, in Brooklyn, N. Y.

4. The marriage between the parties was annulled by the Supreme Court of New York on March 1, 1966, on the grounds of fraud.

5. On March 31, 1962, the parties entered into a written agreement with Jeanne Loewenthal Keeley and Minor Green Keeley for the purchase of a tract of land situated partly in Paradise and partly in Pocono Township, Monroe County, Pa. Both parties are the vendees in the sales agreement and in said agreement they are designated as husband and wife.

6. At the time the agreement of sale was made, the parties stated to counsel for the vendors that they were buying the property together.

7. Plaintiff, John C. Tirelli, did not inform counsel for the vendors that the agreement of sale was to name both parties as vendees for business reasons.

8. At the time the sales agreement was executed, a down payment of $1,000 was made, of which amount $680 was contributed by defendant and $320 was contributed by plaintiff.

9. Defendant paid $800 on account of the purchase price on October 1, 1962, and $600 on account of the purchase price on October 19, 1963. These funds were withdrawn from defendant's savings account B. 15630-7 in the Carver Federal Savings and Loan Association, 273 Fulton Street, Brooklyn, N. Y., with the exception of $50 which defendant contributed in cash.

10. Defendant's testimony that she paid $500 on account of the purchase price on April 23, 1963, out of the aforesaid savings account is negated by an examination of her savings account book which does not disclose any such withdrawal. We find she did not make such a payment.

11. Plaintiff made all payments on account of the purchase money from his own funds except the payments made by defendant set forth in findings of fact nos. 8, 9 and 10.

12. Construction of a dwelling on the premises described in the sales agreement was begun in 1963.

13. Much of the labor performed in the construction of said dwelling was performed by plaintiff and his two brothers.

14. Plaintiff paid the entire cost of both labor and materials used in the construction of said house except the sum of $80 paid by defendant for excavation work performed by Stanley R. Nauman. We find as a fact that defendant did not pay for building

materials purchased from Metzgar's Building and Hardware Supplies or from East Stroudsburg Lumber Company.

15. At the time the sales agreement was executed, plaintiff told the attorney for the vendors that he wanted the name of his wife Mozelle L. Tirelli on the agreement. He gave no reason for this instruction to vendors' counsel.

16. There is no clear, precise or convincing evidence that plaintiff intended that the title be placed in the name of himself and wife as a business expediency because he was going into business in Monroe County and wanted to insulate the property against individual creditors.

17. Plaintiff never established a business in Monroe County and did not have the financial means to do so.

18. There is no clear and convincing evidence in the record to support a finding that plaintiff intended that defendant was to be a resulting trustee of the lands here involved.

## DISCUSSION

Plaintiff contends that the wife is the resulting trustee of the property because he never intended that the property be held as tenants by the entireties; that title was placed in the two names as husband and wife as a business expediency; that he intended to go into the venetian blind business in Monroe County and thought such an arrangement would insulate the property against individual creditors.

It is apparent from the record that:

(a) He never did go into business in Monroe County;

(b) Counsel for the vendors was told the parties were buying the property together;

(c) The sole support for his position that the wife was a resulting trustee is based upon plaintiff's testimony.

(d) This court has found as a fact that Mozelle L. Tirelli did contribute from her own funds a portion of the purchase price of the property.

It is the law of Pennsylvania that where property is placed in the names of husband and wife, *even though the funds are contributed solely by the husband* that the husband intended a gift to the wife and that an estate by the entireties was created. See Cribbs Estate, 411 Pa. 242, 249, 250.

See also Holmes Estate, 414 Pa. 403, 406, where the court said:

"In order to overcome the presumption that an estate by the entireties exists and that a complete gift ensued therefrom, there must be clear, and convincing evidence to the contrary. (citing cases)."

See also Carnevalino Estate, 435 Pa. 366, at pages 368 and 369.

If we were to adopt the contention of plaintiff that the strong presumption in law that a gift was intended could be overcome by his testimony totally uncorroborated, that the sales agreement named both parties as vendees as a business convenience, we would violate the rule that the presumption may only be overcome by clear and convincing evidence. This would be particularly true under the facts here present where the attorney for the vendors testified that he was told the parties were buying the property together and where we have found that the purchase price was paid, in part, by defendant. Our position is strengthened by the fact that plaintiff admits that he never did start a venetian blind business in Monroe County.

We rule that plaintiff's evidence is insufficient to

overcome the legal presumption that the agreement of sale created in the parties a tenancy by the entireties in the equitable title to the real estate involved in the agreement.

The remaining issue to be resolved is whether the annulment of the marriage served to overcome this well-established principle of law.

The marriage was annulled in the State of New York on the grounds of fraud. In Pennsylvania, a marriage may not be annulled for fraud. Such a marriage is voidable and may be terminated only by a decree in divorce. See Eisenberg v. Eisenberg, 105 Pa. Superior Ct. 30, 32, 33. Also, Forry v. Forry, 42 D. & C. 2d 769 (C. P. Monroe Co.). In Pennsylvania, only an absolutely void marriage may be annulled. See section 12 of the Divorce Law of May 2, 1929, P. L. 1237, as amended, 23 PS §12.

Section 10(g) of the said Divorce Law permits divorce when the marriage was procured by fraud, force or coercion which has not been subsequently confirmed by the acts of the innocent spouse. It is clear that under the Pennsylvania statute, fraud is a cause for divorce and not annulment. If plaintiff had sought relief from the marriage bond in Pennsylvania, he would have had to obtain a divorce and not an annulment. Since the effect of a divorce in Pennsylvania is to convert a tenancy by the entireties into a tenancy in common, each party having an equal share in the tenancy (Act of May 10, 1927, P. L. 884, sec. 1, as amended, 68 PS §501) if the Pennsylvania law is to be applied to this situation, then it would be the duty of this court to rule that the effect of the termination of the marriage was to create in the litigants a tenancy in common in the real estate in controversy. However, in Boyle v. Philadelphia Police Widows' Pension Fund Associa-

tion, 219 Pa. Superior Ct. 230 (1971), it was held that since the husband and wife were residents of California, and their marriage was annulled by the California courts, the law of California controlled. We must then look to the law of annulment in the State of New York to determine whether a fraudulent marriage is void ab initio or voidable.

That the law in New York as to fraudulent marriages is the same as in Pennsylvania is shown by the language appearing in Matturro v. Matturro, 111 N.Y.S. 2nd 533, 536 (1952) (Supreme Ct., Westchester County), where it is said at page 536:

"The invalidity of the marriage here, then, must be found somewhere in the statutes. The only provisions of the Domestic Relations Law which absolutely void a marriage are those contained in Sections 5, 6 and 11 of that law. Section 5 makes incestuous marriages absolutely void. Section 6 makes marriages by one whose husband or wife by a former marriage is living absolutely void, with certain exceptions not here pertinent. Section 11 provides for the invalidity of a marriage not solemnized as there required. The provisions of Section 7 refer entirely to what are known as 'voidable marriages' which are valid until they are annulled by a court of competent jurisdiction."

It appears that the New York law and the Pennsylvania law are in accord that fraudulent marriages are voidable and not void and are, in fact, valid until terminated, in New York by annulment or in Pennsylvania by a decree in divorce. In light of this fact, we hold that John C. Tirelli and Mozelle L. Tirelli acquired title as tenants by the entireties to the property which is the subject of this litigation.

We now turn to the issue as to whether the annulment of the marriage severed the tenancy by entire-

ties and converted the holding into a tenancy in common. There is no doubt that under the Act of May 10, 1927, P. L. 884, as amended by the Act of May 17, 1949, P. L. 1394, sec. 1, 68 PS §501, where a husband and wife are divorced, they thereafter hold property theretofore held as tenants by entireties as tenants in common of equal one-half shares in value. Here, the marriage was terminated by an annulment decree and not by a decree in divorce. Does this fact render the aforesaid statute inapplicable to the present situation?

Our research discloses no case which decides this issue. In Hensinger v. Hensinger, 6 D. & C. 2d 767, 26 Lehigh 506, it was held that the act was not applicable where a decree of divorce a mensa et thoro was entered. To this, we readily agree, since the marriage was not terminated by such a decree. Here, however, the annulment of the marriage terminated the marriage just as an absolute decree in divorce would have terminated the marriage. While, as pointed out in Eisenberg v. Eisenberg, supra, there is an important distinction between a divorce and an annulment, the two terms are sometimes used interchangeably. Under the Statutory Construction Act, we must, when interpreting an act of assembly, determine the legislative intent. We think that when the legislature used the term "divorce" in the Act of May 10, 1927, supra, it intended to apply the term to all decrees of a court which absolutely terminated the marriage in contrast with a decree a mensa et thoro which does not terminate a marriage. We are of the opinion that such an interpretation is particularly justified, since under Pennsylvania law a fraudulent marriage may be terminated only by a decree in divorce a vinculo matrimonii.

It is defendant's position that the decree of annulment rendered the marriage void ab initio and, therefore, the sales agreement created a tenancy in common. With this position, we do not agree for the reasons stated in this adjudication, but reach the conclusion that the parties are tenants in common because the tenancy by entireties created by the sales agreement was severed by the termination of the marriage.

However, if we were to adopt the position of defendant that the marriage was void ab initio, in light of our finding that both parties contributed to the purchase of the property in controversy, and in light of the fact that plaintiff's evidence is not sufficiently clear and convincing to establish a resulting trust, we would still be required, under the ruling in Teacher, Exrx. et al. v. Kijurina, 365 Pa. 480 (1950), to reach the conclusion that the litigants hold title as tenants in common.

## CONCLUSIONS OF LAW

1. A fraudulent marriage in both the State of New York and the State of Pennsylvania is voidable, not absolutely void;

2. A voidable marriage is a valid marriage until terminated by a court of competent jurisdiction;

3. John C. Tirelli and Mozelle L. Tirelli acquired the equitable title as tenants by the entireties in the real property which is in controversy in this litigation;

4. The effect of the annulment of the marriage was to sever the tenancy by entireties and create a tenancy in common, in equal shares, in the real property in controversy;

5. John C. Tirelli and Mozelle L. Tirelli each own an equal one-half share in the equitable title to the real estate described in a sales agreement between Jeanne Loewenthal, now by marriage Jeanne Loewenthal Keeley, and Minor Green Keeley, her husband, as vendors, and John C. Tirelli and Mozelle L. Tirelli, his wife, as vendees, and recorded in the Recorder of Deeds' Office, for Monroe County, Pa., in Deed Book Vol. 296, p. 14.

## DECREE NISI

And now, July 20, 1972, it is ordered, adjudged and decreed that John C. Tirelli and Mozelle L. Tirelli, are each the owner, as tenants in common, of a one-half part of the real estate situate partly in Paradise Township and partly in Pocono Township, Monroe County, Pa., by virtue of the sales agreement which they entered into as vendees with Jeanne Loewenthal Keeley and Minor Green Keeley, her husband, as vendors, dated March 31, 1962, and recorded in the Recorder of Deeds' Office, in and for the County of Monroe, in Deed Book Vol. 296, p. 14.

Defendants Jeanne Loewenthal Keeley and Minor Green Keeley, upon payment of the purchase price, are directed to execute a deed to John C. Tirelli and Mozelle L. Tirelli, as tenants in common, for lands described in the agreement of sale dated March 31, 1962.

Costs are to be paid equally by John C. Tirelli and Mozelle L. Tirelli.

If no exceptions are filed to the court's findings of fact, conclusions of law or decree nisi, within 20 days of the filing of the adjudication, this decree nisi shall be entered by the prothonotary on praecipe as the final decree.