**Price v. The Community Action Board**

*Dallett Hemphill*, for plaintiff.
*William H. Lamb*, for defendants.

SHELLEY, J. (Specially Presiding), August 11, 1972.—This matter is before the court on plaintiff's amended complaint in mandamus wherein plaintiff prays for judgment commanding defendant to make an order certifying that said plaintiff is entitled to her employment and/or judgment against defendant for the sum of $7,267.50 and costs.

Plaintiff contends that she entered into an oral employment contract with defendant on or about October 5, 1967, whereby she was employed as a teacher in the Head Start Program of West Chester for a period of 18 months. Defendant in its answer contends the employment of plaintiff was terminable at the will of either party.

On October 27, 1967, plaintiff was advised by letter that her employment was terminated because her performance was unsatisfactory and that she could appeal the termination of her employment to an ad hoc committee. Plaintiff took an appeal to the ad hoc committee which supported the order of termination and thereafter this mandamus action was instituted against both of the above-named defendants requesting reinstatement and damages. However, the suit was subsequently discontinued as to defendant, Community Action Board, since the West Chester Community Center had been plaintiff's employer. The complaint was amended and an answer was filed to the amended complaint. A hearing was held upon the merits on July 10, 1972, when a question regarding the court's jurisdiction was raised by defendant whose counsel contended that an action in mandamus would not lie.

In her amended complaint, plaintiff averred that she is without other adequate and specific remedy. This allegation is denied by defendant.

At the hearing, testimony was taken and defendant verbally raised a question of the jurisdiction of the court to hear the matter.

The questions before the court are: (1) Can a question of jurisdiction be raised by defendant's counsel verbally and at the time of the hearing after having pleaded to the merits, and (2) is mandamus the proper

action. The answer to the first question is in the affirmative and the answer to the second question is in the negative.

Black's Law Dictionary defines "jurisdiction" as the power to hear and determine the subject matter in controversy between parties to a suit. The jurisdiction of a court is, in a broad sense, its power to hear and determine controversies and, in a more restricted sense, its power to adjudicate a particular case: 21 C. J. S. 28, §15.

It is well settled that an objection to jurisdiction over the subject matter may never be lost by estoppel, consent or waiver: Drummond v. Drummond, 414 Pa. 548-51 (1964). An absolute want of jurisdiction over the subject matter or cause of action may be taken advantage of at any stage of the proceedings: 21 C. J. S. 167, §110; Teacher v. Kijurina, 365 Pa. 480, 485 (1950). The issue of lack of subject matter jurisdiction may be raised at any time by the parties or sua sponte by the Supreme Court of Pennsylvania: Daly v. Darby Township School District, 434 Pa. 286, 289 (1969). It is immaterial that a proper objection to jurisdiction was not entered. If jurisdiction of the subject matter is lacking, it may not be supplied by consent: Brenner v. Sukenik, 410 Pa. 324, 328 (1963).

We now come to the question as to whether a writ of mandamus is the appropriate action with which to assert the plaintiff's claim.

Paragraph three of the amended complaint avers:

"That on or about October 5, 1967 the defendants and Elizabeth Price (plaintiff) entered into an agreement by which it was provided that plaintiff's employment should continue for a period of eighteen (18) months."

Plaintiff testified she was never given a written

contract. She also offered in evidence as an exhibit an employe's statement of earnings and deductions for period ending November 7, 1967, which indicated a net pay of $82.27 after deductions.

Defendant denied the allegation contained in paragraph three of the amended complaint and in further answer alleged that:

"Mrs. Price began employment October 12, 1967 pursuant to an arrangement made October 5, 1967 whereby employment was to be terminable at the will of either party."

A consideration of the above leads to the conclusion that the rights and duties of the parties rest wholly on contract and, therefore, this court is without power to issue a writ of mandamus. It was held in Kaelin v. University of Pittsburgh, 421 Pa. 220, 226 (1966), that:

"Unless special statutory provisions have changed the rule, the use of mandamus is limited to the enforcement of rights and duties imposed by law, and, if the right or duty rests wholly on contract, the writ will not issue to enforce it."

We have made a search for any such statutory provisions and could find none and our attention has not been directed to any such statutory provisions.

We conclude that the rights and duties of the parties were determined wholly by the contract of employment and that a writ of mandamus is not the proper action to determine the terms of the contract. Accordingly we make the following

ORDER

And now, August 11, 1972, plaintiff's amended complaint in mandamus is dismissed; costs to be paid by plaintiff.