## Bailey Estate

*Stephen Israel,* for decedent's grandson, petitioner.
*Everett E. Utterback,* for widow, contra.

McKENNA, J., February 22, 1973.—The question in this case relates to the title to certain real estate owned by decedent and his wife at the time of his death.

On December 18, 1972, Robert Antoinin, decedent's grandson, filed his petition under section 756 of the

Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.756, now section 3546 Probate, Fiduciaries and Estates Code of June 30, 1972, no. 164, 20 PS §3546, asking that we determine title to lot no. 44 and a portion of lot no. 45 in a plan of lots laid out by Elizabeth Herron, deceased, as recorded in the Office of the Recorder of Deeds of Allegheny County in Plan Book 4, page 279. The property is located in the Fifth Ward of the City of Pittsburgh, Allegheny County, Pa. It is more fully described in a certain deed from Robert G. Bailey, et ux. to Robert G. Bailey, et ux., dated February 7, 1956, and recorded in said recorder's office in Deed Book Volume 3582, page 375. Petitioner claims a one-fourth interest in the lot, one-eighth in his own right by descent, and one-eighth by virtue of a conveyance to him by his sister, Dolores Antoinin, of her one-eighth interest.

The statute above referred to provides that where one owns real estate at the time of his death and no administration is raised on his estate, the orphans' court, on petition of a party in interest, may determine who are the owners of decedent's real estate.

A hearing was held on the petition on January 29, 1973. Petitioner and decedent's widow, Mary Bailey, were the only witnesses.

Decedent died intestate on November 15, 1971. He was a resident of Allegheny County. No letters testamentary or of administration have been issued on his estate.

By deed dated March 19, 1931, and recorded in the Office of the Recorder of Deeds of Allegheny County, Pa., in Deed Book Volume 2436, page 525, one J. Paul Graham and his wife, Sarah Margaret Graham, conveyed the premises here in question to Robert G. Bailey and Emma E. Bailey, then his wife. Emma E. Bailey died on May 24, 1954, and the said property then vested in Robert G. Bailey.

In 1955, Robert G. Bailey married Mary Bailey, and on February 7, 1956, the couple executed and acknowledged the deed which gives rise to the question in this case, which is recorded in Deed Book Volume 3582, page 375, and which is referred to above. This provides that the deed is made between Robert G. Bailey and Mary Bailey, his wife, parties of the first part, and Robert G. Bailey and Mary Bailey, his wife, parties of the second part. Words of conveyance follow this first phrase. The consideration is "One dollar and other good and valuable consideration." The description is stated and then the recital. After the recital there is a sentence which is here relied on to rebut the presumption that the deed created a tenancy by the entireties. The recital and the sentence are as follows:

"BEING the same premises which J. Paul Graham and Sarah Margaret Graham, his wife, by their deed dated March 19, 1931 and recorded in the Recorder's Office of Allegheny County, Pennsylvania in Deed Book Volume 2436, page 525, conveyed to Robert G. Bailey and Emma E. Bailey, his then wife. The said Emma E. Bailey died on the 24th day of May, 1954 and the said property became the sole property of Robert G. Bailey who is one of the Grantors herein.

"The said Robert G. Bailey is now the husband of Mary Bailey who now holds the property as tenants in common."

It appears from the record and it is not disputed, that Robert G. and Emma E. Bailey had only one child, a daughter, who married a man named Antoinin. This daughter died "many years ago," survived by Robert and Dolores Antoinin. These two persons substitute for their mother and will inherit from the estate of their grandfather, Robert G. Bailey, such interest as their mother might have taken had she survived her father. Dolores Antoinin has assigned her interest in the property here in question to her brother, Robert.

Robert Antoinin testified at the hearing that his grandfather had told him that he would some day inherit the said property. These statements allegedly were made both before and after the death of Emma E. Bailey.

If the real estate was owned by Robert G. and Mary Bailey as tenants by the entireties, decedent's widow, Mary, will now, following the death of Robert, hold the entire estate. On the other hand, if the property was held by decedent and his wife as tenants in common, on the death of Robert one-half of the estate will remain in his widow, Mary Bailey, the surviving tenant in common, and the other one-half interest will pass under the intestate laws in the following proportions:

One-half (½) to Mary Bailey, widow;

One-fourth (¼) each to Robert Antoinin and Dolores Antoinin, children of decedent.

Thus, in this event, the widow will own three-fourths of the property, and Robert Antoinin one-fourth, one-eighth by descent, and one-eighth by virtue of the conveyance to him by his sister, Dolores.

## DISCUSSION

There is no question but that, initially, the deed described above created a tenancy by the entireties.

The only issue in the case is whether or not the sentence following the recital converted the estate granted from a tenancy by the entireties to a tenancy in common. We find that it did not. The recital is not an essential part of a deed. In this case, the sentence following the recital is a nullity. It incorrectly states that the grantees hold the property as tenants in common. The statement is not true. By the deed made to "Robert G. Bailey and Mary Bailey, his wife," a tenancy by entireties was created. When such a conveyance is

made, it is presumed that a tenancy by entireties results. In Holmes Estate, 414 Pa. 403 (1964), Mr. Justice Eagen said, at page 406:

"Where property or an account is placed in the names of a husband and wife, a gift and the creation of an estate by the entireties is presumed even though the funds used to acquire the property or to establish the account were exclusively those of the husband: Cribbs Estate, 411 Pa. 242, 191 A. 2d 379 (1963). The placing of the property in both names, without more, creates an estate by the entireties. Brenner v. Sukenik, 410 Pa. 324, 189 A. 2d 246 (1963). See also, Madden v. Gosztonyi S. & T. Co., 331 Pa. 476, 200 A. 624 (1938). It is their actual marital status and not necessarily the words stated or omitted in the instrument that determines their right to take as tenants by the entirety: Ladner on Conveyancing in Pennsylvania, §1.16 (3d ed. 1961). In order to overcome the presumption that an estate by the entireties exists and that a complete gift ensued therefrom, there must be clear, and convincing evidence to the contrary."

In the case at bar, the evidence to rebut the presumption that a tenancy by the entireties was created is entirely inadequate.

A decree will be entered that decedent's surviving widow is the sole owner of the property in question.

## DECREE NISI

Now, February 23, 1973, on consideration of petition filed herein on December 12, 1972, to determine title to decedent's interest in land, and after hearing and consideration of briefs filed, it is ordered and decreed that title to the property hereinafter described is vested in decedent's widow, Mary Bailey.

"ALL that certain lot or piece of land situate in the

5th (formerly 13th Ward of the City of Pittsburgh, County of Allegheny and State of Pennsylvania, being Lot No. 44 and a portion of Lot No. 45 in a certain plan of lots laid out by the heirs of the late Eliabeth Herron, deceased, and recorded in the Recorder's Office of said County in Plan Book Vol. 4, page 279, bounded and described as follows, to-wit:

"BEGINNING at the corner formed by the intersection of the Northerly side of Webster Avenue and the Westerly side of Orion Street; thence southwesterly along said side of Webster Avenue 28.85 feet; thence northwesterly by line parallel with dividing line between Lots Nos. 44 and 45 in said plan, 144.10 feet to the southerly side of Olney Alley; thence northeasterly along said side of Olney Alley 53.78 feet to the westerly side of Orion Street; and thence southeasterly along said side of Orion Street 145.98 feet to the place of beginning.

"BEING lot No. 44 as aforesaid and 6 inches of lot No. 45 in the aforesaid plan.

"With the right to the use of at least 1½ feet additional of said Lot No. 45, being sufficient to cover the cornice of the dwelling on said lot No. 45; the use of said additional ground being limited to simply keep and maintain such cornice as long as said building stands."

Notice of this decree nisi shall be given by advertisement once a week for three weeks to all parties in interest and creditors, in a newspaper of general circulation in Pittsburgh, Pa., and in the Pittsburgh Legal Journal, that if no exceptions are filed to this decree within three months from the first complete date of this advertising, it shall be confirmed absolutely, free of all decedent's debts not then liens of record and regardless of the provisions of any testamentary writing of decedent thereafter probated.