**Walter A. Rankin Corp. v. Williams, Jr.**

*Christopher K. Walters*, for plaintiff.
*David L. Grove*, for defendants.

DeFURIA, J., May 7, 1973.—Plaintiff in this equity action has filed preliminary objections to defendants' counterclaim.

Defendants were previously employed by plaintiff. After leaving plaintiff's employ, they formed their own business and engaged in business as a competitor

of plaintiff. Plaintiff seeks an accounting and damages, alleging a conspiracy to steal its confidential property and trade secrets, and the use of those secrets to the injury of plaintiff.

Defendants filed answers. Two of the defendants filed counterclaims for sales commissions allegedly earned and due them.

The preliminary objections to the counterclaims are based on the contention that the subject matter of the counterclaim is unrelated to the subject matter of the principal action and, therefore, violates Pennsylvania Rule of Civil Procedure 1510(a) governing pleadings in equity. The rule provides in part:

"A defendant may plead as a counterclaim only a cause of action, whether equitable or legal, which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose."

Since the claim and the counterclaims involve the relationship of employer-employe and the contacts which defendants-counterclaimants had with plaintiff's customers, the counterclaims are sufficiently related to the "same transaction or occurrence or series of transactions or occurrences from which plaintiff's cause of action arose." See Brenner v. Sukenik, 410 Pa. 324, 189 A. 2d 246 (1963).

Plaintiff further complains the counterclaims are vague. The counterclaims are alleged in language specific and clear enough to allow the plaintiff to reply. The objections must be dismissed.

## ORDER

And now, this May 7, 1973, the preliminary objections filed herein are dismissed. Plaintiff is directed to file an answer to the counterclaims within 20 days of the delivery of this order.